Arthur Rosencrans v. Commissioner. Artmar Realty Corporation v. Commissioner.
Rosencrans v. Commissioner
Docket Nos. 38618, 38619.
United States Tax Court
1954 Tax Ct. Memo LEXIS 286; 13 T.C.M. (CCH) 176; T.C.M. (RIA) 54065; February 26, 1954
*286 Henry Halpern, C.P.A., 26 Court St., Brooklyn, N. Y., for the petitioners. Arthur L. Nims, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined an income tax deficiency for 1947 of $9,433.44 against Arthur Rosencrans and one of $2,073.07 for the same year against Artmar Realty Corporation. The only issue for decision in the case of Arthur Rosencrans is whether the Commissioner erred in taxing him with $14,000 as a dividend from Artmar, and the only issue for decision in the case of Artmar is whether a purchase money second mortgage for $22,500 was worth more than the $13,500 at which it was reported in computing the gain from the sale of the property covered by the mortgage. Findings of Fact The returns of the taxpayers for 1947 were filed with the collector of internal revenue for the First District of New York. Artmar acquired a piece of property in Brooklyn on or about October 15, 1940. The purchase price of the property was $139,375. Depreciation on the buildings during the time the property was held by Artmar amounted to $24,782.78. Artmar sold the property on November 17, 1947, for a stated purchase price *287 of $136,000, of which $102,500 represented first mortgages on various portions of the property assumed by the purchaser, and $22,500 represented a purchase money second mortgage, with interest at 4 1/2 per cent, from the purchaser to Artmar. The balance, after several adjustments, was paid in cash. Artmar reported a net gain on the transaction of $9,907.78 in the computation of which it showed the second mortgage at a value of $13,500. The Commissioner, in determining the deficiency, increased the gain on the sale by $9,000 and explained that the fair market value of the second mortgage was $22,500. The fair market value of the purchase money second mortgage at the time it was received by Artmar was $13,500. Rosencrans and his wife were the only stockholders of Artmar and Rosencrans was its president. Artmar, after the sale on November 17, 1947, held no real property for several years but continued to hold the mortgage and collect the interest and principal payments due thereon. Rosencrans, in the latter part of 1947, withdrew $14,000 of the funds of Artmar from its bank account and placed them, for safe keeping, in his safe deposit box. Artmar was looking for another property *288 to purchase and after investigating many properties it finally purchased another property in January 1951. Artmar used all of the $14,000, which Rosencrans was holding for it, in the purchase of the new property and Rosencrans loaned it a substantial amount of additional funds to make that purchase. The Commissioner, in determining the deficiency against Rosencrans, held that he had received a dividend of $14,000 from the corporation as the result of the withdrawals above mentioned. Rosencrans did not receive a dividend of $14,000 from Artmar in 1947. Opinion MURDOCK, Judge: Artmar has proven by competent evidence that the purchase money second mortgage which it received in the sale of its property in November 1947 had a fair market value at that time of only $13,500. Rosencrans has proven that the $14,000 which he withdrew and kept for Artmar was not a loan or a dividend to him from the corporation but represented funds which he held for the corporation in safe keeping during the time that they were not needed by the corporation. They were returned to the corporation when it needed them and, meanwhile, Rosencrans derived no benefits whatsoever from holding the funds segregated *289 in his safe deposit box. Decisions will be entered under Rule 50.