LELAND C. HAMMER AND DOUGLAS R. AND JOANN L. HAMMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hammer v. Commissioner
Docket No. 32436-87
United States Tax Court
T.C. Memo 1989-396; 1989 Tax Ct. Memo LEXIS 394; 57 T.C.M. (CCH) 1144; T.C.M. (RIA) 89396; July 31, 1989
Timothy Horne, David W. Zoll, for the petitioners. Karen J. Goheen, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: By separate statutory notices dated June 26, 1987 respondent determined deficiencies in, and additions to, petitioners' Federal income tax as follows: Additions to Tax, Sections
Year
Tax
6653(a) or (a)(1) [1]
6653(a)(2)
6661
Leland C. Hammer
1980
$  7,915.10
$   395.76
N/A
N/A 1981
$ 77,642.10
$ 3,882.11
*
N/A 1982
$ 39,795.15
$ 1,989.76
*
$ 9,948.79
*395 Douglas R. and Joann L. Hammer**
1980
$  7,654.05
$   382.70
N/A
N/A 1981
$ 48,110.39
$ 2,405.52
*
N/A 1982
$ 34,509.35
$ 1,725.47
*
$ 8,627.34
The issues for decision are: (1) Whether all petitioners received ordinary income from Entertainment Center, Inc. in the respective amounts of $ 20,504.42, $ 120,957.47 and $ 83,857.59 for the years 1980, 1981 and 1982 and a long-term capital gain in 1982 in the amount of $ 1,903; (2) Whether Leland C. Hammer had income *396 in the amount of $ 17,000 in 1981 from a certificate of deposit; (3) Whether all petitioners are liable for the addition to tax under section 6661; (4) Whether petitioners Leland C. Hammer and Douglas R. Hammer are liable for additions to tax under section 6653(a) as determined by respondent; (5) Whether petitioner Joann L. Hammer qualifies under section 6013(e) for relief as an innocent spouse from all deficiencies in tax and additions to tax determined against her by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found, the stipulation of facts and the exhibits associated therewith being incorporated herein by reference. Petitioner Leland C. Hammer is the father of Douglas R. Hammer. Petitioner Joann L. Hammer is the wife of Douglas R. Hammer. All three petitioners joined in a single petition. All petitioners were residents of Defiance, Ohio at the time the petition was filed. Entertainment Center, Inc. was organized by Leland C. Hammer and Douglas R. Hammer in February of 1980 under the corporation laws of the State of Ohio. During the years 1980, 1981 and 1982 they were the only officers, directors and stockholders of the corporation. *397 The corporation was organized for the purpose of operating a nightclub. During such years the corporation filed its income tax returns on the basis of a fiscal year ending on June 30 and reported gross income from admission charges, bar and food sales, and commissions from video games. For the fiscal years ending on June 30, 1981, 1982 and 1983 there was omitted from the corporate income tax returns net income in the respective amounts of $ 20,504.42, $ 120,957.47 and $ 83,857.59. The omissions were computed by respondent as follows: Unreported Income
1980
1981
1982
Admissions
$ 24,095.44 $ 118,371.07 $ 78,300.09 Game Commissions
(255.37)
$ 14,804.81 $ 12,661.84 Expenses
(3,335.65)
(12,218.41)
(7,104.34)
Total Unreported
Income
$ 20,504.42 $ 120,957.47 $ 83,857.59 On May 30, 1984 petitioners Leland C. Hammer and Douglas R. Hammer voluntarily submitted on behalf of the corporation amended income tax returns for the fiscal years ended on June 30, 1981, 1982 and 1983 in which the omitted income was correctly reported. On June 1, 1984, and June 29, 1984, the corporation paid respondent all of the additional income tax *398 and interest that was due with respect to the amended corporate returns. On January 14, 1985, the corporation agreed to and paid additions to tax for fraud under section 6653 in the amounts of $ 20,108.18, $ 17,805.15 and $ 612.50 for its fiscal years ending on June 30, 1980, 1981 and 1982, respectively. The unreported gross receipts of the corporation were initially deposited by petitioners Leland C. Hammer and Douglas R. Hammer at the First Federal Savings and Loan Association in an account in the name of the corporation. They subsequently withdrew the receipts from the account in the name of the corporation and deposited them in an account with a brokerage firm by the name of Bell and Beckwith. The brokerage account was in the name of Douglas R. and Leland C. Hammer. During the calendar year 1981 interest in the amount of $ 2 was credited to the brokerage account with Bell and Beckwith. During the calendar year 1982 municipal bonds held in the Bell and Beckwith account were sold at a capital gain of $ 1,903. At all times the unreported income and earnings of Entertainment Center were kept separate and segregated from other accounts and assets of Leland C. Hammer and Douglas *399 R. Hammer. The parties agree that Leland C. Hammer and Douglas R. Hammer did not utilize any of the unreported income of the corporation to pay any personal expenses or debts and that all of the corporate funds and earnings thereon were returned to or used for the benefit of the corporation. The decision to underreport the gross receipts of the corporation was made jointly by Leland C. and Douglas R. Hammer, and they were jointly responsible for all of the activity in the brokerage accounts. During February of 1981 $ 17,000 was withdrawn from the corporate account at First Federal Savings and Loan Association and used to purchase a certificate of deposit in the name of Leland C. Hammer. OPINION Respondent contends that since the corporate funds were admittedly removed by Leland C. Hammer and Douglas R. Hammer from the corporation account and held by them under their sole dominion and control during the years 1980, 1981 and 1982 such funds constituted taxable income to them. Petitioners contend that neither Leland C. Hammer nor Douglas R. Hammer received any personal benefit from the unreported corporate income and eventually returned all such funds and any earnings thereon *400 to the corporation and as a result such funds and earnings thereon did not constitute income to the individuals. Respondent primarily relies upon the decisions in Drybrough v. Commissioner, 238 F.2d 735 (6th Cir. 1956), and Truesdell v. Commissioner, 89 T.C. 1280 (1987). His reliance upon these decisions is misplaced, however, because in both of those cases the individual shareholders personally consumed or otherwise used the corporate assets. Such is not the case before us. The facts here more closely resemble those found in Rosencrans v. Commissioner, a Memorandum Opinion of this Court dated Feb. 26, 1954, where an individual withdrew $ 14,000 from his corporation and held the funds in his personal safety deposit box from 1947 until 1951 when the funds were removed from the box and used for corporate purposes. From 1947 until 1951 the taxpayer in Rosencrans obviously had complete and unrestricted control over the corporate funds, but we concluded that under the circumstances the $ 14,000 constituted neither a loan nor a dividend to Rosencrans because he returned the funds to the corporation and "derived no benefits whatsoever from holding *401 the [corporate] funds segregated in his safe deposit box." Rosencrans v. Commissioner, 13 T.C.M. 176, 177; 23 P-H Memo T.C. par. 54,065 at 54, 236. See also National Metropolitan Bank v. United States, 87 F. Supp. 773, 776 (Ct. Cl. 1950) in which it is stated: The Courts in many cases have rightly sought the substance in requiring the payment of taxes even though a framework of form would have indicated otherwise. If we look behind the form for the substance to prevent tax dodging, we should do the same to prevent a wrong against the taxpayer. We believe that the same reasoning is applicable to the situation before us. We conclude therefore that under the particular facts set forth herein petitioners did not realize income as determined by respondent. Since our conclusion with respect to this issue disposes of all other issues, Decision will be entered for the petitioners. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $ 77,642.10 and $ 39,795.15 from April 15, 1982 and April 15, 1983, respectively, to the earlier of assessment or payment. ↩
*. 50% of the interest due on $ 48,110.39 and $ 34,509.35, from April 15, 1982 and April 15, 1983, respectively, to the earlier of assessment or payment. ** The liability of Joann L. Hammer is limited to the deficiencies in income tax and the addition to the tax pursuant to I.R.C. section 6661↩.