ESTATE OF LELAND C. HAMMER, DECEASED, DOUGLAS R. HAMMER, EXECUTOR, and DOUGLAS R. & JOANN L. HAMMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Hammer v. Commissioner
Docket No. 32436-87
United States Tax Court
T.C. Memo 1990-145; 1990 Tax Ct. Memo LEXIS 169; 59 T.C.M. (CCH) 158; T.C.M. (RIA) 90145; March 20, 1990
Timothy Horne, and David W. Zoll, for the petitioners. Karen J. Goheen, for the respondent. SHIELDS
*303 MEMORANDUM OPINION SHIELDS, Judge: This matter is before us at this time on petitioners' motion for litigation costs pursuant to section 7430 [1] and Rule 231. Respondent determined deficiencies in and additions to petitioners' income taxes as follows: Additions to Tax, Sections Year
Tax
6653(a) or (a)(1)
6653(a)(2)
6661
Leland C. Hammer 1980
$  7,915.10
$   395.76
N/A
N/A
1981 77,642.10
3,882.11
*
N/A
1982 39,795.15
1,989.76
*
$ 9,948.79
*170 Douglas R. and Joann L. Hammer** 1980
$  7,654.05
$   382.70
N/A
N/A
1981
48,110.39
2,405.52
*
N/A
1982
34,509.35
1,725.47
*
$ 8,627.34
In a joint petition filed September 28, 1987, petitioners challenged respondent's determinations. The primary issue in the proceeding was whether or not petitioners realized taxable income by the removal of funds from their corporation which had been accumulated by underreporting the income of the corporation. *171 On several occasions petitioners Douglas R. and Leland C. Hammer withdrew the corporate funds from a corporate account and deposited them in a brokerage account in their individual names. On another occasion $ 17,000 was withdrawn from the corporate account and used to buy a certificate of deposit in the name of Leland C. Hammer. All such funds were kept separate and apart from other accounts and assets of the petitioners. At no time did petitioners use any part of such funds to pay personal debts or expenses. Eventually petitioners either returned the withdrawn funds to the corporation or used them for its benefit. Petitioners also voluntarily disclosed to respondent their activities with respect to the corporate funds and submitted on behalf of the corporation amended income tax returns for the taxable years at issue. Petitioners thereafter caused their corporation to agree to and pay all deficiencies in the income tax and interest due with respect to its unreported income, together with additions to tax for fraud under section 6653(b). We concluded that since petitioners never received any personal benefit from the corporate funds, they did not realize income as a result *172 of the withdrawals; therefore, petitioners were not liable for the deficiencies and additions to tax determined by respondent. Hammer v. Commissioner, T.C. Memo. 1989-396. Section 7430 [2] provides that the prevailing party in a proceeding commenced after December *304 31, 1985, may be awarded reasonable litigation costs. However, to qualify for such costs petitioners must establish that the position of the United States in the proceeding was not substantially justified [sec. 7430(c)(2)(A)(i)]; that they substantially prevailed in the proceeding with respect to the issues presented or amounts in controversy [sec. 7430(c)(2)(A)(ii)]; that at the commencement of the proceeding they had a net worth of not more than $ 2,000,000 [sec. 7430(c)(2)(A)(iii)]; and that they exhausted the administrative remedies available to them within the Internal Revenue Service [sec. 7430(b)(1)]. *173 Respondent concedes that petitioners prevailed with respect to the issues and the amounts in controversy and that they exhausted the administrative remedies available to them. But respondent contends that petitioners have failed to establish that the position of respondent in this proceeding was not substantially justified and that petitioners have failed to submit any evidence with respect to their net worth at the commencement of the proceeding. Respondent also contends that some of the litigation costs claimed by petitioners are not recoverable under section 7430. However, we need not address the issues of petitioners' net worth and their recoverability of certain litigation costs in view of our conclusion that petitioners have failed to establish that respondent's position in the proceeding was not substantially justified. Petitioners contend that respondent's position was not substantially justified because he did not at any time during the resolution of the corporation's tax liabilities inform them that respondent intended to determine deficiencies and additions to tax against them individually. They also contend that respondent acted unreasonably in refusing to consider *174 settlement as a means of resolving their controversy. In determining whether respondent's position in a given case was not substantially justified we limit our consideration to his actions or inactions after his District Counsel becomes involved. [3]Sher v. Commissioner, 89 T.C. 79 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Even though in Comer Family Trust v. Commissioner, 856 F.2d 775 (6th Cir. 1988), the Court of Appeals for the Sixth Circuit, to which an appeal of this decision would lie, interpreted section 7430 to require an examination of respondent's prelitigation conduct as well as his position at trial, we adhere to our conclusion in Sher because the Appellate Court in Comer interpreted section 7430 as it existed before the 1986 Tax Reform Act. In light of the amendments made to section 7430 by that act the holding in Comer Family Trust v. Commissioner, supra, is not applicable to actions such as this which are commenced after December 31, 1985. *175 In the absence of any evidence in the record to the contrary, we must assume that District Counsel first became involved in this case by answering the petition. Since petitioners rely only on actions or inactions of respondent which occurred prior to the filing of the petition we conclude that petitioners are not entitled to litigation costs since they have failed to allege and prove any activity of respondent from which we can determine that his position in the proceeding was not substantially justified. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. 50% of the interest due on $ 48,110.39 and $ 34,509.35 from April 15, 1982 and April 15, 1983, respectively, to the earlier of assessment or payment. ** The liability of Joann L. Hammer is limited to the deficiencies in income tax and the addition to the tax pursuant to I.R.C. section 6661.
*↩ 50% of the interest due on $ 77,642.10 and $ 39,795.15 from April 15, 1982 and April 15, 1983, respectively, to the earlier of assessment or payment.
2. Insofar as applicable here section 7430 as amended by the Tax Reform Act of 1986 reads as follows: SEC. 7430. AWARDING OF COURT COSTS AND CERTAIN FEES. (a) IN GENERAL. -- In the case of any civil proceeding which is -- (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and (2) brought in a court of the United States (including the Tax Court and the United States Claims Court), the prevailing party may be awarded a judgment (payable in the case of the Tax Court in the same manner as such an award by a district court) for reasonable litigation costs incurred in such proceeding. (b) LIMITATIONS. -- (1) REQUIREMENT THAT ADMINISTRATIVE REMEDIES BE EXHAUSTED. -- A judgment for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service * * * (c) DEFINITIONS. -- For purposes of this section -- * * * (2) PREVAILING PARTY. -- (A) IN GENERAL. -- The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which -- (i) establishes that the position of the United States in the civil proceeding was not substantially justified, (ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and (iii) meets the requirements of section 504(b)(1)(B) of title 5, United States Code (as in effect on the date of the enactment of the Tax Reform Act of 1986 and applied by taking into account the commencement of the proceeding described in subsection (a) in lieu of the initiation of the adjudication referred to in such section) * * * (4) POSITION OF UNITED STATES. -- The term "position of the United States" includes -- (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.↩
3. We note that for proceedings commenced after November 10, 1988, the "position of the United States" as defined in section 7430(c)(7) has been expanded to include respondent's position taken in an administrative proceeding as of the earlier of the date of the receipt by the taxpayer of the notice of the decision of the Appeals Officer, or the date of the notice of deficiency. Because the instant proceeding was commenced prior to November 10, 1988, this change does not affect our holding in this case.↩