Leopold Z. SHER and Karen B. Sher, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 88–4123.

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1988.

---

Steven I. Klein, New Orleans, La., for petitioners-appellants.

William F. Nelson, Chief Counsel, IRS, Linda E. Mosakowski, Gary R. Allen, Wm. S. Rose, Jr., Ann Belanger Durney, Asst. Attys. Gen., Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before THORNBERRY, RUBIN, and HIGGINBOTHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

The Defendants–Appellants Shers appeal the Tax Court's order denying their motion for attorney's fees incurred contesting an alleged tax deficiency. We affirm.

I. *Facts.*

In 1982, the Shers received $775 in *interest* income from A.G. Edwards & Sons (A.G. Edwards). A.G. Edwards mistakenly reported to the IRS that the Shers earned $1325 in *dividend* income from two different A.G. Edwards accounts. This $1325 listed as dividend income was actually $775 that A.G. Edwards should have reported as interest income to the Shers and $550 in interest income paid to Mr. Sher's qualified pension plan.

The Shers reported interest income of $740 from A.G. Edwards on their 1982 tax return. (The Shers concede they underreported $35 of their A.G. Edwards interest income). Relying upon A.G. Edwards' reported figures, the IRS concluded that the Shers received dividend income of $1325 in addition to the $740 interest income the Shers reported to the IRS. Over the course of almost a year, the IRS asserted that the Shers owed taxes on the $1325, while the Shers asserted that they received $775 in interest income from A.G. Edwards. The Shers did not know about the erroneous report A.G. Edwards submitted to the IRS, nor did the IRS know A.G. Edwards' report was erroneous. As a result, neither the IRS nor the Shers were able to identify the source of the problem giving rise to the IRS's mistaken charge that the Shers owed this tax deficiency.

From the time the Shers first learned of the alleged tax deficiency, they tried to rectify the problem. The Shers and an office manager for A.G. Edwards allegedly spoke with a representative of the IRS explaining that A.G. Edwards paid the Shers $775 in interest income. The IRS claims the Shers did not speak with the IRS representative. In November, Mr. Sher and A.G. Edwards wrote the IRS documenting that A.G. Edwards paid the Shers $775 in interest income. The IRS acknowledged Mr. Sher's letter, but made no other contact with the Shers.

In December 1985, the IRS sent the Shers a notice of deficiency. Mr. Sher again made several calls to the IRS in an attempt to discuss the alleged deficiency. One IRS representative told Mr. Sher that the notice of deficiency was probably a mistake. Another representative said the IRS would get back in touch with Mr. Sher. Despite Mr. Sher's attempts to resolve the issue of the deficiency, the IRS never responded further.

The Shers retained an attorney who was an associate in the law firm in which Mr. Sher was a partner. The attorney suggested they file a petition in Tax Court to prevent the IRS from assessing an incorrect deficiency. The Shers filed a petition in March 1986 and attached copies of Mr. Sher's November letter to the IRS, the A.G. Edwards' statement that the Shers received $775 in interest income, and the relevant portion of the Shers' 1982 income tax return. The IRS District Counsel answered the Shers' petition denying their claims and reasserting the deficiency.

In the Spring of 1986, an IRS Appeals Officer requested a copy of the Shers' amended 1982 return and later scheduled a conference with the Shers' attorney. At the conference, the Appeals Officer and the Shers' attorney determined that the dividend income listed in the A.G. Edwards' report was actually the interest income the Shers had already reported. There still remained a discrepancy of $550.

The IRS Appeals Officer gave the Shers' attorney the information A.G. Edwards submitted to the IRS. The attorney reviewed this information and concluded that A.G. Edwards mistakenly listed $550 paid to Mr. Sher's pension fund as income to the Shers. The Shers' attorney wrote the Appeals Officer and explained the error he had discovered. Upon learning of the A.G. Edwards' mistake, the Appeals Officer indicated that the Shers did not owe a deficiency on the $1325 listed as dividend income.

The Shers then filed a motion for litigation costs, which the IRS opposed. The Tax Court denied the Shers' motion. The issues on appeal are (1) whether taxpayers can recover attorney's fees for actions of the IRS prior to the involvement of the District Counsel; (2) if the Shers are entitled to attorney's fees based on actions of the IRS after the District Counsel became involved; and (3) whether the Shers can recover attorney's fees even though their attorney was an associate in Mr. Sher's firm. Because we hold that the Shers are not entitled to attorney's fees, we need not reach the last issue.

II. *Actions of the IRS prior to District Counsel involvement.*

The Shers can only claim attorney's fees for expenses incurred after the District Counsel became involved in the case. We base our holding on amendments Congress made to the Internal Revenue Code ("the Code") in 1986 limiting the circumstances under which a taxpayer can recover attorney's fees from the United States. Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat. 2752 (1986).

Section 7430 of the Code permits a taxpayer to recover attorney's fees arising in a civil proceeding:

> brought ... against the United States in connection with the determination, collection or refund of any tax ... under this title, and brought in a court of the United States.... [T]he *prevailing party* may be awarded a judgment ... for reasonable litigation costs incurred in such proceeding.

26 U.S.C. § 7430(a) (Supp.1988) (emphasis added).

> A "prevailing party" is one who
> (i) establishes that *the position of the United States in the civil proceeding* was not substantially justified, [and] ...
> (ii) (I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented.

26 U.S.C. § 7430(c)(2)(A) (Supp.1988) (emphasis added). The parties dispute the meaning of the phrase "the position of the United States in the civil proceeding." The Shers urge that the Tax Court should have considered the position of the United States prior to District Counsel involvement. The IRS argues that the Tax Court could only review the behavior of the IRS after the District Counsel became involved. We agree with the IRS.

In 1986, this court held that in reviewing a taxpayer's claim for attorney's fees, courts should look at "the IRS's position at the time the taxpayer's petition was filed." *Powell v. Commissioner of Internal Revenue,* 791 F.2d 385, 391–92 (5th Cir.1986). Since the ruling in *Powell,* Congress

amended the Code to add that the "position of the United States" includes:

> (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.

26 U.S.C. § 7430(c)(4) (Supp.1988). In reviewing a taxpayer's claim for attorney's fees, courts should examine the position taken by the United States after the District Counsel became involved. This result is consistent with a report of the Joint Committee on Taxation, which stated that "[p]relitigation actions or inaction by the IRS prior to the involvement of the District Counsel are not eligible as components of any attorney's fee award." Staff of the Joint Committee on Taxation, 100th Cong., 1st Sess., "General Explanation of the Tax Reform Act of 1986" 1300 (Comm.Print 1986).

In passing this amendment defining "the position of the United States," Congress established that, in determining whether the position of the IRS was substantially justified, courts can only review the position taken by the IRS after the District Counsel enters the picture. *See Wickert v. Commissioner of Internal Revenue,* 842 F.2d 1005, 1008 (8th Cir.1988) ("the position of the United States 'in the civil proceeding' encompasses only the government's in-court litigating position."); *Ewing and Thomas, P.A. v. Heye (Commissioner of Internal Revenue),* 803 F.2d 613, 616 (11th Cir.1986) ("§ 7430 as drafted by Congress, does not allow for [awards for unreasonable actions during the administrative process]"); *Baker v. Commissioner of Internal Revenue,* 787 F.2d 637, 641 (D.C.Cir. 1986) ("section 7430 and its legislative history are both literally and sensibly read to cover only costs incurred once litigation commences."); *United States v. Balanced Financial Management,* 769 F.2d 1440, 1450 (10th Cir.1985) ("the position of the United States means the arguments relied upon by the Government in litigation"). *But see Sliwa v. Commissioner of Internal Revenue,* 839 F.2d 602, 606 (9th Cir.1988) ("the

government's position both in its prelitigation administrative proceedings and after the commencement of the litigation should be examined for reasonableness"); *Weiss v. Commissioner of Internal Revenue,* 850 F.2d 111, 116 (2d Cir.1988) (petition for rehearing *en banc* pending) ("[w]e see nothing in the language of the amended version of § 7430 or in its legislative history to suggest that Congress intended to narrow the pre–1986 amendments view of § 7430 or to limit strictly an examination of the government's position solely to that taken in court"). *Comer v. Commissioner of Internal Revenue,* 856 F.2d 775, 780 (6th Cir.1988) ("the relevant inquiry extends to the reasonableness of the behavior which forced the taxpayer to incur the expenses related to the filing of a petition"); *Kaufman v. Egger,* 758 F.2d 1, 4 (1st Cir. 1985) ("Congress intended the IRS's liability to be triggered by unreasonable conduct regardless of which stage in the proceedings such conduct occurs.") (Decided prior to the 1986 amendments.) Although we hold that the Shers cannot recover attorney's fees based on the position of the IRS before the District Counsel answered the Sher's petition, we do not minimize the ordeal the Shers underwent attempting to resolve the problem of the alleged deficiency.

### III. *Actions of the IRS after District Counsel became involved.*

Although the Tax Court was correct in holding that it could not consider actions of the IRS before the District Counsel became involved, there remains the issue of whether the IRS's actions following the time the Shers filed their petition were substantially justified.

The Tax Court held that the Shers failed to meet the "prevailing party" requirement under the Code because the IRS position after the Shers filed their petition was substantially justified. We agree with the Tax Court's finding. In reaching this conclusion, we reviewed the actions of the IRS District Counsel in answering the petition and the actions of the IRS Appeals Officer

who handled the Shers' case after the District Counsel filed the answer.

The District Counsel received the petition and reviewed it along with the A.G. Edwards' letter, Mr. Sher's November letter, the relevant portions of the Shers' 1982 tax return, and the underreporter transcript. None of this information indicated that the original A.G. Edwards' statement was wrong as to the amount of income or the type of income—interest or dividend— paid to the Shers. The District Counsel had no reason to believe the information upon which she was relying was erroneous. Furthermore, even though the Shers had the burden to prove the IRS assessment was wrong, in their petition, the Shers failed to deny the IRS claim that A.G. Edwards paid the Shers $1325 in dividend income. *See* Rules of Practice and Procedure of the United States Tax Court, Rule 142(a).

The District Counsel's answer acknowledged that the Shers received $775 in interest income from A.G. Edwards, but went on to state that the IRS was asserting a deficiency based upon the $1325 in dividend income. This answer was substantially justified given the facts and claims pleaded by the Shers. Although we conclude that the position of the IRS in answering the Shers' petition was substantially justified, we recognize that under different facts, the answer filed by the IRS would be inadequate without further investigation. Reliance on IRS files alone would not have been sufficient if the petition and the documents in the file demonstrated the need for further investigation.

Similarly, our review indicates that the Appeals Officer's actions were substantially justified. Shortly after the District Counsel filed the answer, an IRS Appeals Officer contacted the Shers' counsel to obtain a copy of the Shers' amended 1982 return. The Appeals Officer later scheduled a conference with the Shers' attorney. At this conference, the Appeals Officer and the Shers' counsel determined that $775 of the alleged $1325 deficiency was interest income the Shers properly reported, but that A.G. Edwards erroneously listed as dividend income. At this time, there still remained a discrepancy of $550. The Appeals Officer gave the Shers' attorney copies of the documentation A.G. Edwards submitted to the IRS stating the income paid to the Shers. Upon reviewing this material, the Shers' attorney concluded that the $550 discrepancy arose because A.G. Edwards mistakenly attributed income from Mr. Sher's pension fund to the Shers themselves. The attorney discussed this error with the Appeals Officer who promptly stated that the issue of the $1325 deficiency would be decided in the Shers' favor.

The Appeals Officer acted reasonably in handling the Shers' case. She reviewed the information, conferred with the Shers' attorney, and settled the case. The position of the IRS was substantially justified. *See Harrison v. Commissioner of Internal Revenue*, 854 F.2d 263, 265 (7th Cir.1988) ("The IRS took the position of conceding the case as soon as it received and verified information demonstrating that that was the proper course").

For the foregoing reasons, we AFFIRM the Tax Court's decision denying the Shers attorney's fees.