JAMES E. and AKIKO S. CURRIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Currie v. Commissioner
Docket No. 12446-86.
United States Tax Court
T.C. Memo 1989-23; 1989 Tax Ct. Memo LEXIS 22; 56 T.C.M. (CCH) 1076; T.C.M. (RIA) 89023; January 12, 1989. Douglas Scott Maynard and Earle A. Sylva, II, for the petitioners. William D. Reese, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case is before us on petitioners' motion for reasonable litigation costs, filed January 4, 1988, pursuant to section *24 7430 [1] and Rule 231. A hearing on this motion was held in San Francisco, California, on June 13, 1988. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners, James E. and Akiko S. Currie, husband and wife, resided in Millbrook, New York, at the time they filed their petition herein. Petitioners filed a joint Federal income tax return for their 1983 taxable year, the year at issue. In June 1983, petitioner James E. Currie became employed as an engineer by Intel Corporation (Intel). When petitioner began such employment, he filed a Form W-4 with Intel causing no Federal income tax to be withheld from his wages. He was paid gross wages of $ 23,386 from Intel for 1983. Petitioner also earned $ 861 as a self-employed engineering consultant during 1983. To extend by four months the due date for filing petitioners' 1983 Federal income tax return, petitioners' *25 tax attorney, Douglas Scott Maynard (Maynard), filed a Form 4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return). Form 4868 requires a taxpayer to estimate and pay the amount of tax due for the tax year subject to the extension and the taxpayer is instructed -"[i]f you do not expect to owe tax, enter zero." The Form 4868 filed by Maynard showed an estimate of zero income tax due from petitioners for 1983. Petitioners' 1983 Federal income tax return, filed prior to August 15, 1984, reported no taxes owing based primarily on petitioners' claimed itemized deductions, and petitioner's Schedule C deductions relating to his consulting business, both of which reduced petitioners' taxable income to $ 3,338. Pursuant to the 1983 tax tables no tax would be owing on taxable income of this amount. By notice of deficiency dated February 28, 1986, respondent disallowed $ 17,291 of the total of $ 18,232 of deductions claimed by petitioners, and determined a deficiency in petitioners' 1983 Federal income tax of $ 2,449 and an addition to tax under section 6651(a)(1) of $ 612 for failure to file a timely return. The petition in this case was signed by *26 Maynard as petitioners' attorney and was timely filed on May 5, 1986. The underlying issues in this case, preceding petitioners' pending motion for litigation costs, related to (1) whether the deductions disallowed by respondent were substantiated, (2) whether petitioners could currently deduct the costs of a personal computer under section 179, and (3) whether the addition to tax under section 6651(a)(1) was applicable. This case was calendared for trial for the Court's November 30, 1987, trial session in San Francisco, California. Subsequent to the filing of the petition on May 5, 1987, by Maynard, this case was assigned to the Internal Revenue Service's appeals office. In telephone conversations between Maynard and appeals officer Michael McMahon (McMahon) during June and July, 1987, Maynard represented to McMahon that petitioners' records that would substantiate deductions disallowed in the notice of deficiency were in Maynard's possession in San Jose, California. On July 30, 1987, Maynard and McMahon arranged to meet on August 27, 1987, to review petitioners' records, to ascertain the basic facts of the case, and to attempt to settle the case prior to trial. On August 27, 1987, Earl *27 Sylva (Sylva), an attorney from Maynard's firm who had not, at this point, filed an entry of appearance in this case with the Court, appeared at the scheduled conference in place of Maynard. At that meeting, Sylva was requested to, but did not, provide McMahon with a power of attorney or other written authorization indicating that Sylva was entitled to act on behalf of petitioners to discuss petitioners' 1983 Federal income tax return. Since Maynard did not intend to attend the conference, and since McMahon believed he was prohibited from disclosing petitioners' income tax return information to Sylva pursuant to section 6103 (Confidentiality and Disclosure of Returns and Return Information), McMahon immediately telephoned Maynard's office and was advised that Maynard was unavailable and could not be reached. Although McMahon would not discuss petitioners' return with Sylva, Sylva did provide McMahon with a few substantiating documents at the conference but those were deemed incomplete and unacceptable to respondent. Sylva did, however, inform McMahon that the records requested by McMahon were not located in California, as Maynard had originally informed McMahon, but were located *28 with petitioners in New York. After August 27, 1987, and prior to November 3, 1987, McMahon made several telephone calls to Maynard's office to inquire whether Maynard had yet obtained the requested records that would substantiate petitioners' disallowed deductions. Each time McMahon called, he was unable to speak to Maynard but was referred to Sylva, who stated that the records had not yet been obtained from petitioners in New York. On November 3, 1987, McMahon was provided with records which substantiated many of the expenses claimed as deductions by petitioners on their 1983 Federal income tax return. In response to this production of substantiating records, McMahon sent Maynard a letter on November 5, 1987, enclosed with a proposed stipulated decision document reflecting a settlement with respect to the substantiated deductions. This proposed settlement reduced petitioners' deficiency and section 6651(a)(1) addition to tax, as originally determined by respondent, from $ 2,449 and $ 612 to $ 1,130 and $ 282, respectively. McMahon stated in his letter that, as Maynard was the only counsel of record for petitioners, only Maynard had the authority to sign the stipulated decision *29 document, and that Maynard was to sign such document if petitioners agreed with it. This stipulated decision document was not signed by Maynard. On November 9, 1987, an entry of appearance for Sylva, as an additional attorney representing petitioners, was executed and served on respondent. Until a few days before the trial session upon which this case was calendared, Sylva continued to represent to McMahon and to respondent's counsel, William D. Reese, that petitioners would be submitting further records to substantiate the $ 5,996 in deductions still at issue. The issues remaining on the day of trial involved whether petitioners could deduct the cost of a personal computer under section 179, whether certain telephone expense deductions claimed by petitioners were substantiated, and whether an addition to tax under section 6651(a)(1) was applicable. On November 30, 1987, when this case was originally called from the trial calendar, Sylva requested a conference in chambers with the Court and respondent to discuss the possibility of settling the remaining issues. At the conclusion of this conference, an oral settlement agreement was reached. Respondent conceded that petitioners *30 were entitled to deduct 75 percent of the cost of a personal computer under section 179, and conceded the addition to tax under section 6651(a)(1). Petitioners conceded their entitlement to claimed telephone expense deductions. Based on the settlement thus reached, a stipulated decision was signed and filed and the Court entered a decision on December 16, 1987, in accordance with the stipulation, for a deficiency of $ 770 and no additions to tax due. On January 4, 1988, petitioners filed their motion for litigation costs which is currently before us. Petitioners originally requested litigation costs of $ 7,110 incurred from the date the petition herein was filed. On brief, petitioners have revised their request for litigation costs to include only those litigation costs incurred by petitioners for the period following Sylva's "formal appearance" on November 6, 1987, when Sylva executed an entry of appearance in this case. Petitioners have not submitted a breakdown of litigation costs which were incurred before and after Sylva's "formal appearance." As a result of petitioners' motion, this Court vacated its decision of December 16, 1987, under Rule 162, and ordered that respondent *31 file a response to petitioners' motion. [2]
OPINION Section 7430(a) [3] provides that the prevailing party in any civil proceeding brought by or against the United States in connection with the determination of any tax under the Internal Revenue Code in a court of the United States, including the Tax Court, may be awarded a judgment for reasonable litigation costs. To be a "prevailing party," the taxpayer must (1) establish that the position of the United States in a civil proceeding was not substantially justified (sec. 7430(c)(2)(A)(i)), (2) have substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented (sec. 7430(c)(2)(A)(ii)), and (3) meet the net worth requirements of section 504(b)(1)(B) of Title 5 of the United States Code (sec. 7430(c)(2)(A)(iii)). *32 A judgment for litigation costs will be awarded under section 7430(a) only for that portion of expenses which represents "reasonable litigation costs" within the meaning of section 7430(c)(1)(A). No award for reasonable litigation costs may be made with respect to any portion of the civil proceeding during which the prevailing party has unreasonably protracted such proceeding. Sec. 7430(b)(4). A judgment for litigation costs will not be awarded under section 7430(a) unless the Court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service. Sec. 7430(b)(1). Petitioners have the burden of proving that they have substantially prevailed, that they have exhausted their administrative remedies available to them, that the position of the Commissioner was not substantially justified, and that the amount of costs claimed is reasonable. Rule 232(e); Sher v. Commissioner,89 T.C. 79, 83 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Respondent concedes that petitioners have exhausted their administrative remedies, and that petitioners have substantially prevailed as to the amount *33 in controversy. Respondent, however, contends that: (1) his position in this civil proceeding was substantially justified, (2) petitioners unreasonably protracted these proceedings, and (3) petitioners' claimed litigation expenses are unreasonable. With respect to respondent's first contention, petitioners' sole argument is that respondent's determination and continued assertion of a section 6651(a)(1) [4] addition to tax for failure to file a timely return was a position that was not substantially justified. Petitioners have not argued that respondent's position in not settling issues relating to substantiation until acceptable substantiating records were provided to respondent was not substantially justified. Such an argument, if it were asserted, would have been unfounded. Respondent had no obligation to concede substantiation issues for which petitioner had the burden of proof before petitioners submitted proof that deductible expenses were, in fact, paid. When respondent finally was provided with substantiating records, he readily made appropriate concessions to petitioners to the extent substantiation for disallowed deductions was provided. These concessions resulted in more *34 than a 50-percent reduction in the amount of deficiency originally determined by respondent and a corresponding reduction in the section 6651(a)(1) addition to tax. These concessions could have been made by respondent many months prior to trial if petitioners had organized their records and sent them to their attorney when originally requested. With respect to respondent's concession of the section 6651(a)(1) addition to tax, we note that the fact that respondent makes a concession does not, by itself, mean that respondent's *35 position in the civil proceeding with respect to an issue was not substantially justified. Baker v. Commissioner,83 T.C. 822, 828 (1984), vacated on other grounds 787 F.2d 637 (D.C. Cir. 1986). Respondent's assertion of the section 6651(a)(1) addition to tax was based on his reliance on his position formulated in Rev. Rul. 79-113, 1979-1 C.B. 389. This ruling provides that a Form 4868 is ineffective to extend the due date for filing a Federal income tax return where a taxpayer's Form 4868 shows an estimated income tax liability as zero, where "ample evidence" is available to the taxpayer that there would be an income tax liability greater than zero. Although respondent ultimately conceded the section 6651(a)(1) addition to tax issue, he argues that his position with respect to this issue was substantially justified. Respondent asserts that petitioners knew or should have known that they would have a "substantial" tax liability on the date it was estimated on their Form 4868 that their 1983 tax liability would be zero. As a result, respondent contends that, despite his concession, petitioners' Form 4868 was ineffective to extend the due date *36 for filing their 1983 return. Petitioners argue that their reliance on their tax attorney, Maynard, in filing what they apparently concede was an invalid Form 4868 extension was "reasonable cause and not willful neglect" under section 6651(a)(1) which relieves them from the addition to tax pursuant to that section. Further, petitioners assert that respondent's failure to grant petitioners relief from the section 6651(a)(1) addition to tax, after respondent was informed that they relied on the advice of their tax attorney in filing their Form 4868, was a substantially unjustified position which entitled them to all of their litigation costs incurred after November 6, 1987. [5]
Section 6651(a)(1) does not relieve a taxpayer from the addition to tax pursuant to that section merely because a taxpayer relies on the advice of a tax attorney in failing to file a timely tax return. In fact, the general rule is that a taxpayer's duty to file a return when due is a personal, *37 nondelegable duty. United States v. Boyle,469 U.S. 241 (1985); Marprowear Profit-Sharing Trust v. Commissioner,74 T.C. 1086, 1096 (1980). If petitioners are within an exception of this general rule, a purely factual question, we cannot say that respondent's position in not relieving petitioners, based on the fact that petitioners relied on their tax attorney in filing their Form 4868, was not substantially justified. Accordingly, we hold that petitioners have not established that respondent's position with respect to the section 6651(a)(1) addition to tax was not substantially justified. Petitioners have not argued that respondent's position with respect to the other issues in this case were not substantially justified. Therefore, petitioners are not a "prevailing party" within the meaning of section 7430(a). Since we conclude that petitioners have not established that they are the "prevailing party" in this proceeding, we need not consider the remaining issues in this case. In view of the foregoing, petitioners' motion for an award of litigation costs will be denied and decision will be entered in accordance with the stipulated decision previously *38 entered and vacated. An appropriate order will be issued.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 7430(e) provides that an order granting or denying an award for reasonable litigation costs shall be incorporated as part of the decision and shall be subject to appeal in the same manner as the decision.↩
3. Section 7430 was amended by the Tax Reform Act of 1986. See Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551, 100 Stat. 2085, 2752. The amendments apply to amounts paid after Sept. 30, 1986, in civil actions or proceedings commenced after December 31, 1985. Tax Reform Act of 1986, sec. 1551(h)(1), 100 Stat. 2753. This action was commenced after Dec. 31, 1985, so the 1986 amendments to section 7430 are applicable.↩
4. Section 6651(a)(1) provided in relevant part for the year at issue as follows: (a) ADDITION TO THE TAX. -- In case of failure -- (1) to file any return * * * on the date prescribed therefore (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.↩
5. Petitioners do not argue that respondent's position that their Form 4868 was ineffective to extend the due date for filing their 1983 return was not substantially justified, an issue we need not address.↩