HOLMES F. CROUCH AND IRMA J. CROUCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crouch v. Commissioner
Docket No. 8579-88
United States Tax Court
T.C. Memo 1990-445; 1990 Tax Ct. Memo LEXIS 473; 60 T.C.M. (CCH) 557; T.C.M. (RIA) 90445; August 20, 1990, Filed Alexander F. Eagle III, for the petitioners. Steven J. Sibley, for the respondent. SCOTT, Judge. SCOTT SUPPLEMENTAL MEMORANDUM OPINION This case is before us on petitioners' motion for reasonable litigation costs pursuant to Rules 230 and 231 and section 7430. [1]
Our memorandum findings of fact and opinion in this case *475 was filed June 20, 1990. The taxable years for which deficiencies were determined are the calendar years 1978, 1980, 1981, 1982, and 1983. The years 1978 and 1980 are involved only because of carrybacks claimed by petitioners of a tentative credit for research and development expenses which they contended were incurred in 1981 and 1983. The petition in this case was filed on April 28, 1988. One of the major issues with respect to which testimony and other evidence was offered at the trial was whether petitioner Holmes F. Crouch was entitled to a deduction under section 170 of an amount attributable to Mr. Crouch's purported renunciation of his lifetime social security benefits. In their original brief, petitioners conceded this issue. The issues dealt with in our opinion were: (1) whether petitioners were entitled to research and development expense deductions under section 174; (2) whether petitioners were liable for additions to tax for fraud under section 6653(b) for their 1981 taxable year and section 6653(b)(1) and (2) for their 1982 and 1983 taxable years; (3) whether petitioners were liable for additions to tax for negligence under section 6653(a) for their 1978 and 1980 *476 taxable years and, in the alternative, to the additions to tax for fraud, whether petitioners were liable for additions to tax for negligence under section 6653(a)(1) and (2) for their 1981, 1982, and 1983 taxable years; and (4) whether petitioners were liable for additions to tax for substantial understatement under section 6661 for their 1982 and 1983 taxable years. All issues were decided for respondent except the issue with respect to the addition to tax for fraud and some portions of the addition to tax for negligence under 6653(a)(2) and some portions of the understatement under section 6661 for 1982 and 1983. Petitioners take the position that the most significant issue in this case was respondent's determination of the addition to tax for fraud and that, therefore, they prevailed on the most significant issue in the case. Petitioners also set forth an amount they contend is reasonable attorney's fees and attached a statement in which they claimed to demonstrate that the net worth of each petitioner at the time the petition was filed was less than $ 2,000,000. Our findings of fact and opinion on the merits of the case, T.C. Memo. 1990-309, are incorporated *477 herein. Those findings show that Mr. Crouch from the time he became self-employed in the early 1970s protested the requirement that he pay tax on self-employment income under the provisions of section 1401. The record shows that beginning on July 1, 1974, he filed various claims for exemption from payment of this tax on Forms 4029 and that on two of these forms, one filed on August 13, 1974 and another filed on March 21, 1975, he stated under penalties of perjury that he was a member of the Universal Life Church at Modesto, California. The facts show that he was not and never had been a member of this church. The facts show that Mr. Crouch brought a suit in the United States District Court for the Northern District of California in an attempt to recover the self-employment tax he had paid and that the government's motion for summary judgment in this case was granted and affirmed on appeal by the United States Court of Appeals for the Ninth Circuit. Certiorari was denied by the Supreme Court on October 1, 1979. In 1981, Mr. Crouch began to make inquiries about making a one-time lump-sum gift of all his future social security benefits to the social security system and being relieved *478 from payment of self-employment tax thereafter. The record shows correspondence between Mr. Crouch and various individuals, including Congressmen and officials of the Social Security Administration, concerning the purported gift and that all responses from officials of the Social Security Administration informed Mr. Crouch that he could not make a lump-sum gift of his lifetime social security benefits, but if he wished to make a gift of his benefits, he must apply for social security and then make a gift on a monthly basis of the amounts due to him. The record shows that in spite of the refusal of the Social Security Administration to accept his attempted gift of his lifetime social security benefits, petitioners claimed a deduction of $ 88,583 as a charitable contribution on their 1981 return based on the alleged value of Mr. Crouch's renunciation of his lifetime social security benefits and subsequently on an amended return for 1981 claimed an amount of $ 169,929 as a charitable contribution deduction for the alleged value of Mr. Crouch's renunciation of his lifetime social security benefits. The record showed that Mr. Crouch applied part of the amount of the claimed charitable *479 contribution deduction to reduce his 1981 tax liability and carried over the remaining amount to reduce his 1982 and 1983 tax liabilities. Respondent in support of his determination of the addition to tax for fraud argued that petitioners' failure to report on their original returns for the years here in issue Mr. Crouch's self-employment tax due under section 1401 and their claiming of a charitable deduction for Mr. Crouch's alleged gift of his lifetime social security benefits was fraudulent. On this basis, respondent contended that a part of the deficiency in each of the years 1981, 1982, and 1983 was due to fraud with intent to evade tax. Respondent pointed out that Mr. Crouch was an Internal Revenue Service enrolled agent and that his primary source of income for the years here in issue was from fees for preparing returns for others. Respondent argued that Mr. Crouch knew the lack of merit to the positions he took with respect to self-employment tax and the claimed gift of his lifetime social security benefits were frivolous and totally without merit, but took the position in an attempt to evade tax. Section 7430(a) provides for an award to the "prevailing party" of reasonable *480 litigation costs in the case of any Court proceeding, including a Tax Court proceeding, brought by or against the United States. Section 7430(c)(2) defines the prevailing party as a party other than the United States who establishes (1) that the position taken by the United States in the proceeding was not substantially justified; (2) that he has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented, and (3) that he meets the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (1988), on the date the petition was filed. In addition to showing that he is the prevailing party, a taxpayer must also establish that he exhausted the administrative remedies available to him within the Internal Revenue Service and that he did not unreasonably protract the proceeding. Sec. 7430(b)(1) and (4). The burden of proof as to each requirement is upon the party claiming the award of attorney's fees. Dixson International Service Corp. v. Commissioner, 94 T.C. (May 17, 1990); Cassuto v. Commissioner, 93 T.C. 256, 261 (1989). In our view, the record clearly shows that petitioners were *481 not the prevailing party within the meaning of section 7430(c)(2). Therefore, we have not requested respondent's views on petitioners' motion or attempted to get agreement of the parties as to the amount of attorney's fees or petitioners' net worth and have not set petitioners' motion for hearing. Clearly, petitioners did not prevail with respect to the amount in controversy. In our view, the most significant issue in this case was not petitioners' liability for the addition to tax for fraud, but rather the two substantive issues involved. However, we need not discuss the relative significance of the issues involved in the case since our decision that petitioners have failed to show that they are the prevailing party is based on our conclusion that petitioners have failed to show that the position of the United States in the instant case with respect to the addition to tax for fraud was not substantially justified. Whether respondent's position is substantially justified depends upon whether his position and actions were unreasonable on the basis of the facts and legal precedents relating to the case. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). *482 The position of the United States referred to in section 7430(c)(2) includes the litigating position taken by respondent and any administrative action or inaction by respondent's District Counsel and administrative action subsequent to the entry into the case by District Counsel. Sec. 7430(c)(4). The reasonableness of the position taken by respondent prior to the time the District Counsel became involved in the case is not to be considered. Sher v. Commissioner, 861 F.2d 131, 134 (5th Cir. 1988), affg. 89 T.C. 79 (1987); Dixson International Service Corp. v. Commissioner, supra . This record does not show when the District Counsel became involved in the case, although the indication is that it was not until the petition was filed. In any event, the exact time the District Counsel became involved is immaterial, since in our view it was not unreasonable on the part of respondent at any level to assert the addition to tax for fraud under the facts shown in this case. Mr. Crouch was attempting to take a deduction for a charitable contribution which he knew to be improper under information he had received from the attempted donee and was refusing *483 to include self-employment tax on his returns even after several claims he made for exemption had been denied. Particularly respondent's actions were not unreasonable since in years prior to the ones here involved, Mr. Crouch had, under penalty of perjury, sworn to false statements on claims for exemptions from self-employment tax. It is clear from the evidence that respondent viewed Mr. Crouch as a tax protestor and in many respects his actions resemble those of tax protestors. In fact in our opinion we stated that it was clear to the Court that petitioners' claimed charitable deduction for a purported contribution of Mr. Crouch's lifetime social security benefits is frivolous. We, however, concluded that the evidence was not clear and convincing that the claiming of this frivolous deduction was with intent to evade tax. We distinguished a number of recent "tax protestor" cases in which we had held that the taxpayer was liable for the addition to tax for fraud from the instant case on a factual basis. We pointed out that the Court of Appeals for the Ninth Circuit to which the instant would be appealable had held that open defiance and disclosure of such defiance of the tax laws *484 by a taxpayer did not prevent the imposition of the addition to tax for fraud. We even indicated our suspicion that Mr. Crouch's actions may have been fraudulent. However, since petitioners had not previously litigated Mr. Crouch's claimed donation of his lifetime social security benefits as a charitable deduction for income tax purposes and since the false forms filed by Mr. Crouch in connection with his claimed exemption from self-employment tax were not with respect to the years involved in this case, we concluded that respondent had failed to show by clear and convincing evidence that a part of the deficiency for each of the years here in issue was due to fraud with intent to evade tax. Mr. Crouch was an enrolled agent with the Internal Revenue Service. He prepared returns for others. It is clear from the facts we found in this case and our opinion that the issue of fraud was a close one. Respondent's position that a part of the deficiency in each of the years here involved was due to fraud was not unreasonable but was substantially justified. Based on the record and our opinion in this case, we deny petitioners' motion for award of any attorney's fees. An appropriate *485 order will be entered. Footnotes
1. All section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.↩