ESTATE OF ETHLYN DAVIS, DECEASED, DON M. DAVIS, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Davis v. Commissioner
Docket No. 28647-90
United States Tax Court
T.C. Memo 1993-392; 1993 Tax Ct. Memo LEXIS 403; 66 T.C.M. (CCH) 542; August 26, 1993, Filed *403 For petitioner: Francis M. Smith and Michael M. Billion. For respondent: J. Anthony Hoefer. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Petitioner has filed a Motion For An Award Of Reasonable Litigation Costs pursuant to Rule 231[1] and section 7430. In our opinion of April 8, 1993, we valued decedent's cause of action against Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch). Estate of Davis v. Commissioner, T.C. Memo. 1993-155. Our findings of fact and opinion therein are incorporated by this reference. For convenience, the relevant facts are summarized. Decedent died on November 4, 1986, with a lawsuit pending against Merrill Lynch. The cause of action was filed on August 21, 1985, and alleged, among other things, that Merrill Lynch had committed fraud and deception *404 in violation of the Securities and Exchange Act of 1934. Decedent initiated the action because a Merrill Lynch account executive churned her account. Decedent sought $ 122,674.30 in compensatory damages and $ 6 million in punitive damages. Merrill Lynch offered to settle the case on two occasions, but neither offer was accepted. On August 12, 1988, as the result of a second jury trial, decedent's estate received an award of $ 100,000 in compensatory damages and $ 2 million in punitive damages and the District Court entered judgment. The U.S. Court of Appeals for the Eighth Circuit affirmed the judgment. On November 16, 1990, pending appeal to the U.S. Supreme Court, the District Court approved a $ 2 million settlement subject to 45 percent attorney's fees. After fees and expenses, decedent's estate received $ 1,065,555. The issue in the prior case was the value of the cause of action on the date of death. Respondent determined in the notice of deficiency, and asserted at trial, that the value of the lawsuit was $ 2,100,000. Petitioner contended that the value was $ 62,255. We held that the fair market value, as of the date of death, of decedent's cause of action against *405 Merrill Lynch was $ 323,232. Section 7430 provides that, in any court proceeding brought by or against the United States, the "prevailing party" may be awarded reasonable litigation costs. Sec. 7430(a). A taxpayer is a prevailing party only if it establishes: (1) That the position of the United States in the proceeding was not substantially justified; (2) that it substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented; and (3) that it meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) on the date the petition was filed. Sec. 7430(c)(4)(A). In addition to being a prevailing party, a taxpayer must also establish that it exhausted the administrative remedies available to it within the Internal Revenue Service and that it did not unreasonably protract the proceeding. Sec. 7430(b)(1) and (4). Respondent concedes that petitioner substantially prevailed with respect to the amount in controversy and that petitioner meets the net worth requirement. Respondent also concedes that petitioner exhausted its administrative remedies and that petitioner has not unreasonably *406 protracted this proceeding. Therefore, the issue for our consideration is whether respondent's position in this litigation was substantially justified. Petitioner bears the burden of proving that respondent's position was not substantially justified. Rule 232(e); Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). Respondent's loss or concession of an issue does not, ipso facto, render respondent's position not substantially justified. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Petitioner's motion seeks only litigation costs and not administrative costs. The reasonableness of respondent's prelitigation position is not to be considered. Therefore, we will *407 only consider respondent's position after the filing of the petition. Respondent's position at trial was that decedent's cause of action against Merrill Lynch was worth $ 2,100,000 on the date of death. In Estate of Davis v. Commissioner, supra, we stated that respondent's determination seemed to be derived from the amount of the judgment affirmed by the Court of Appeals. We noted that respondent provided no rationale for her contention and that the amount of recovery subsequent to the date of death is not controlling. This, however, does not mean that respondent's position was not substantially justified. To determine if respondent's position was not substantially justified, we must consider the specific facts of the case; i.e., the nature of the asset to be valued, and also the nature of valuation cases in general. Cases involving the valuation of an asset are unique because "Valuation has been consistently recognized as an inherently imprecise process." Estate of Smith v. Commissioner, 57 T.C. 650, 655 (1972), affd. 510 F.2d 479 (2d Cir. 1975). We further noted in Estate of Davis v. Commissioner, supra, *408 that the valuation of a lawsuit is a unique and abstract endeavor because a lawsuit is not regularly traded in commerce and because the valuation process is not as objectively achievable as with other types of assets. When decedent initiated the cause of action against Merrill Lynch, she asked for over $ 6 million in damages. Merrill Lynch offered to settle the case for less than $ 2 million on several occasions, but each offer was refused. Therefore, petitioner knew that the cause of action had considerable value. We do not think that respondent acted unreasonably when she similarly asserted that the cause of action had considerable value at the date of death. We hold that petitioner has not established that respondent's position in the proceeding was not substantially justified, and, therefore, petitioner is not entitled to recover reasonable litigation costs pursuant to section 7430. Because of our holding, it is unnecessary to consider the reasonableness of the fees and costs claimed. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩