REXANNE B. ENDICOTT, f/k/a CANDACE B. CONNORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Endicott v. Commissioner
Docket No. 19912-92.
United States Tax Court
T.C. Memo 1993-425; 1993 Tax Ct. Memo LEXIS 436; 66 T.C.M. (CCH) 730; September 14, 1993, Filed *436 An appropriate order and decision will be entered denying petitioner's motion for litigation costs and decision will be entered for petitioner. For petitioner: David W. Freese. For respondent: Thomas N. Tomashek. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This matter is before the Court on petitioner's motion for litigation costs pursuant to section 7430. All section references are to the Internal Revenue Code, applying section 7430 as in effect when the proceeding was commenced, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Petitioner resided in Everett, Washington, when the petition was filed in this case. This case was designated for trial in Seattle, Washington. By notice of deficiency, respondent determined petitioner was liable, under the local community property laws of Washington, for income taxes on 50 percent of her then-husband's nonemployee compensation for 1988 and 1989 as follows: Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6654
1988
$ 5,787
$ 1,425
$ 289
$ 363
1989
5,037
1,222
- 330
In her petition dated August 29, 1992, petitioner stated that she was separated from her *437 then-husband Kevin Connors in 1986, and never resumed the marital community. Thus, the marital community was effectively terminated. Moreover, petitioner stated that in an effort to secure child support from her estranged husband, she sought the assistance of the Internal Revenue Service to enforce the child support award through interception of her estranged husband's income tax refunds. Through that encounter with the Service, petitioner believes that respondent was made aware that she was not maintaining a marital home with Mr. Connors. By letter dated October 23, 1992, respondent informed petitioner that this matter had been transferred to the Appeals Division in hopes of settlement prior to trial. Respondent requested that a meeting be held so that petitioner's arguments relative to the community property income could be developed further. On November 11, 1992, petitioner denied respondent's request for a meeting stating that the information requested had already been provided to the Service, thus "there is no possible benefit that I can see to having any such interview." Then again on January 7, 1993, petitioner apprised respondent that if respondent did not show cause *438 why the notice of deficiency was issued when its revenue agent, Robert McWhirter, was aware of petitioner's marital status, petitioner would file a motion for summary judgment to be heard at the next calendar call of the Court in Seattle. On January 19, 1993, respondent's counsel informed petitioner that he had spoken to Mr. McWhirter, and the agent had no recollection of her case. Thus, additional information in regard to petitioner's marital status would be necessary in an effort to settle the case. Whereupon, respondent enclosed a questionnaire to be completed by petitioner and returned. In response, petitioner, by letter dated January 27, 1993, acknowledged respondent's correspondence but informed respondent that a motion for summary judgment had already been filed with the Court. In the motion, petitioner stated, there were sufficient affidavits and exhibits that clearly showed the marriage was defunct from 1987 on. The motion was scheduled to be heard on March 29, 1993. After reviewing petitioner's motion and the evidence attached thereto, respondent was convinced that the marital home was in fact defunct. Thus, on March 10, 1993, petitioner's motion for summary judgment *439 was denied, and a decision was entered by the Court pursuant to an agreement of the parties. It was decided that there are no deficiencies in income taxes due from, nor overpayment due to, petitioner for taxable years 1988 or 1989. It was further decided that there were no additions to tax due from petitioner for taxable years 1988 or 1989. On March 25, 1993, petitioner filed a motion for an award of litigation costs. In view of the motion, by order dated March 25, 1993, the Court vacated the decision entered March 10, 1993, and ordered that the stipulated decision be filed as a stipulation of settlement. Generally, a taxpayer who has substantially prevailed in a civil tax proceeding may be awarded a judgment for reasonable litigation costs incurred. Sec. 7430(a). In order to be entitled to such an award, the petitioner must: (1) establish that the position of the United States in the civil proceeding was not substantially justified; * * * (2) substantially prevail in the litigation, and (3) have a net worth which did not exceed $ 2,000,000 at the time the adjudication was initiated. [Sher v. Commissioner, 89 T.C. 79, 83 (1987), affd. 861 F.2d 131 (5th Cir. 1988); *440 citations and fn. refs. omitted.]
A judgment for litigation costs will not be awarded under section 7430(a) unless the Court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service. Sec. 7430(b)(1). Likewise, no award may be made where the prevailing party has unreasonably protracted such proceeding. Sec. 7430(b)(4). It is uncontroverted that petitioner substantially prevailed in this case. However, respondent argues that its position was substantially justified in bringing the proceeding. Respondent contends that under the community property laws of the State of Washington, income earned during a marriage is presumed to be community income, and the person attempting to rebut the presumption must do so by clear and convincing proof. Wash. Rev. Code, sec. 26.16.030 (1983). Mere separation of the spouses is not sufficient to make the earnings of the spouses their separate property. Id. at 26.16.140. Petitioner offered no proof to respondent during the pretrial stage to rebut the presumption of community income. Instead, she consistently attempted to shift the burden of proof to respondent *441 by alleging that Mr. McWhirter already had sufficient information to make such a determination. Even after respondent unsuccessfully attempted to confirm this information with the agent, petitioner refused to cooperate with respondent by filling out a preprinted form in regard to her marital home. Moreover, petitioner denied respondent's request for an Appeals conference. She filed a motion for summary judgment with this Court giving sufficient proof to find that her then-husband's compensation was noncommunity income. Upon receiving the motion with the attached documentation, respondent, without hesitation, agreed to a decision declaring no taxes due to or owing from petitioner. Thus, it is clear to the Court not only that respondent was sufficiently justified in her position in this proceeding, but that petitioner unreasonably protracted this litigation by refusing to offer any proof of her assertions to respondent and refusing an Appeals conference, even though sufficient proof was readily available to petitioner. Her position was clearly unreasonable and a waste of the Court's and the Commissioner's time and resources. Accordingly, petitioner's motion for litigation costs *442 will be denied. To reflect the foregoing, An appropriate order and decision will be entered denying petitioner's motion for litigation costs and decision will be entered for petitioner.