CLARENCE ISAIAH LEAPHART, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leaphart v. Commissioner
Docket No. 30014-91
United States Tax Court
T.C. Memo 1993-502; 1993 Tax Ct. Memo LEXIS 513; 66 T.C.M. (CCH) 1178; November 1, 1993, Filed *513 Clarence Isaiah Leaphart, Jr., pro se. For respondent: Russell F. Kurdys. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Petitioner has filed a motion for an award of reasonable administrative and litigation costs pursuant to Rule 231 [1] and section 7430. In our oral findings of fact and opinion of May 4, 1993, we decided that petitioner was engaged in an activity for profit and was entitled to deduct certain amounts of losses claimed for the taxable years 1986, 1987, and 1988. Our findings of fact and opinion therein are incorporated by this reference. For convenience, the relevant facts are summarized. Petitioner, who during most of the period under consideration was an airline flight attendant, was also engaged in an activity involving the promotion of musical talent. In connection with that activity, petitioner *514 established a recording and photography studio in his residence. It was his goal to discover, develop, and promote the careers of others. During the early years of this activity and during the years in issue, petitioner's involvement did not result in financial success, and he experienced losses. For the 3 years in issue his gross receipts were $ 235, $ 798, and $ 1,415; whereas his deductions totaled $ 11,062, $ 9,714, and $ 10,396, respectively. He claimed the difference as losses on his 1986, 1987, and 1988 income tax returns, and he was selected for examination by respondent. Respondent disallowed petitioner's claimed losses, determining that petitioner was not entitled to the claimed losses. Petitioner was able to substantiate most of his expenses and the cost of various equipment, and the focus of the trial was the question of whether petitioner was engaged in the activity for a profit within the meaning of section 183. In deciding that petitioner had the requisite profit objective, we made the following observations: This case presents a typical "hobby loss" scenario, where Respondent questions the profit motivation of a taxpayer who claims successive net losses from *515 an activity which appears to be an avocation because of its secondary nature to the primary source of the taxpayer's revenue. Petitioner's returns present a picture of a wage earner with a salary approximating $ 30,000 and annual net losses averaging close to $ 10,000. Moreover, the losses are in great part generated by the claimed depreciation of sophisticated audio and photographic equipment. Petitioner's testimony, standing alone, would have appeared self-serving. However, after seeing and hearing samples of Petitioner's production efforts and the testimony of several individuals who were professionally involved in Petitioner's activity, it became clear that Petitioner was involved in the activity for profit, and we so hold.
Section 7430 provides that, in any court proceeding brought by or against the United States, the "prevailing party" may be awarded reasonable costs. Sec. 7430(a). A taxpayer is a prevailing party only if he establishes: (1) That the position of the United States in the proceeding was not substantially justified; (2) that he substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented; and *516 (3) that he meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) on the date the petition was filed. Sec. 7430(c)(4)(A). In addition to being a prevailing party, a taxpayer must also establish that administrative remedies available to him within the Internal Revenue Service were exhausted and that the proceeding was not unreasonably protracted. Sec. 7430(b)(1), (4). Respondent concedes that petitioner substantially prevailed with respect to the amount in controversy and that petitioner meets the net worth requirement. Respondent also concedes that petitioner exhausted his administrative remedies and that he has not unreasonably protracted this proceeding. Respondent also agrees that petitioner's claimed costs are reasonable in amount. Therefore, the only issue for our consideration is whether respondent's position in this litigation was substantially justified. Petitioner bears the burden of proving that respondent's position was not substantially justified. Rule 232(e); Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). *517 Respondent's loss or concession of an issue does not, ipso facto, render respondent's position not substantially justified. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Petitioner's motion seeks litigation costs and administrative costs. Petitioner claims the following total amounts of costs (apparently for litigation and administrative aspects of his controversy): Telephone -- $ 283.61, trial transcript -- $ 513.20, parking -- $ 55.25. We begin our analysis by noting that petitioner was fully successful in the outcome of his controversy with respondent. This, however, does not mean that respondent's position was not substantially justified. To determine if respondent's position was not substantially justified, we must consider the specific facts and circumstances of this case. *518 In the analysis of a case under section 183, the determination of whether the requisite profit objective exists depends upon all the surrounding facts and circumstances of the case. Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. In making this determination, more weight is accorded to objective facts than to the taxpayer's statement of intent. Siegel v. Commissioner, 78 T.C. 659, 699 (1982); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs.Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of nine criteria normally considered for this purpose. The factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success *519 of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which were earned; (8) the financial status of the taxpayer; and (9) the presence of elements of personal pleasure or recreation. No single factor, nor the existence of even a majority of the factors, is controlling. Golanty v. Commissioner, supra at 426; Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980). Some of the above factors would reflect favorably upon petitioner and others would not. As we pointed out in our oral findings of fact and opinion of May 4, 1993, petitioner's activity, at least in outward appearances, presented a "typical 'hobby loss' scenario". Petitioner's losses were substantially generated by deductions from the depreciation of audio and photographic equipment. He had relatively little income, and that pattern had abided for more than 5 years. Moreover, petitioner had a steady source of income as a flight attendant, and one could conclude *520 that the photographic and audio equipment was being acquired more for purposes of enjoyment or avocation, rather than a profit-seeking activity. Further, and as noted in our oral findings of fact and opinion of May 4, 1993, petitioner's profit objective and motivation did not become apparent to the Court until "after seeing and hearing samples of Petitioner's production efforts and the testimony of several individuals who were professionally involved in Petitioner's activity". Prior to the full exposition of this matter at the trial, it would not have been unreasonable to conclude that petitioner lacked the requisite profit objective. This is especially so where we found samples of petitioner's product and the testimony of several witnesses at trial to be persuasive factors in reaching our conclusion. Accordingly, we hold that petitioner has not established that respondent's position in this proceeding or prior thereto was not substantially justified, and, therefore, petitioner is not entitled to recover reasonable litigation costs pursuant to section 7430. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩