T.C. Memo. 2008-164

UNITED STATES TAX COURT

BERNARD P. AND LORRAINE C. BALCK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10905-03.                    Filed July 3, 2008.

<u>Dennis W. Hartley</u>, for petitioners.

<u>David W. Sorensen</u> and <u>Paul C. Feinberg</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on petitioners'
motion for recovery of $5,534 in litigation costs, plus $750 in
legal fees relating to this motion.  A hearing was held on
petitioners' motion on October 30, 2007, in Las Vegas, Nevada.

Unless otherwise indicated, all section references are to
the Internal Revenue Code.

## Background

Petitioners resided in Wyoming at the time the petition was filed.

In 2001, petitioner Lorraine C. Balck (Balck) was charged with and pleaded guilty to a Federal felony of filing with respondent a false 1995 Federal income tax return in violation of section 7206(1).

In the criminal tax prosecution of Balck, the indictment alleged that on her and her husband's 1995 joint individual Federal income tax return, Balck reported a negative taxable income of $41,069 and no "Other income" even though Balck knew that she had received in 1995 "Other income" of approximately $225,000.

After her guilty plea and entry of judgment in the criminal case, on April 9, 2003, respondent mailed to Balck and to her husband a notice of deficiency for 1995 in which respondent charged Balck with "Other Income" of $246,851, which included the omitted income that had been involved in the criminal case. Based thereon, respondent's notice of deficiency to petitioners determined a deficiency in petitioners' 1995 Federal income tax, an addition to tax, and penalties as follows:

| | | Additions to Tax/Penalties | | |
| Year | Deficiency | Sec. 6651(a)(1) | Penalties | Penalties |
|---|---|---|---|---|
| 1995 | $74,664 | $11,199 | $14,932 | $55,998 |

On July 8, 2003, petitioners filed their petition in which they disputed the income adjustment, the tax deficiency, the addition to the tax, and the penalties.

This case was set for trial in Las Vegas, Nevada, in December 2004, in June 2005, and in February 2006. However, each of the scheduled trials was continued, generally on respondent's request.

In January 2006, "due to [respondent's] problems with the case" respondent's trial counsel encouraged petitioners to submit to respondent an offer-in-compromise (OIC) under which petitioners were to pay a total of $100 in full settlement of their 1995 Federal income tax deficiency, addition to tax, penalties, and interest.

By memorandum dated February 16, 2006, respondent's trial counsel forwarded petitioners' OIC for review and approval to respondent's OIC processing group in Memphis, Tennessee, with a strong recommendation for approval. In his transmittal note, respondent's trial counsel stated as follows:

> Pursuant to some Grand Jury problems, it has been decided by my national office that we cannot try this matter. It was suggested that we secure an OIC from the petitioners, as the petitioners assert that they are in their late 50's and 60's and are now retired and living off a social security pension, and that the OIC be forwarded with our recommendation that it be accepted.

During 2006, petitioners' OIC languished in Memphis without approval. On January 2, 2007, respondent's trial counsel returned petitioners' OIC to petitioners with the $150 OIC filing fee petitioners had paid, and respondent's counsel explained in a cover letter to petitioners in relevant part as follows:

> After further review of this matter, the I.R.S. has determined that it is prudent to concede this matter. Therefore, the Offer in Compromise that you submitted to this office is being returned. In addition, in order to finalize our settlement [sic], we must file with the Tax Court a decision document which shows no deficiency or liability.

On February 2, 2007, an agreed decision that petitioners and respondent submitted to the Court was entered reflecting a zero tax deficiency and zero additions to tax for petitioners for 1995.

Thereafter, petitioners filed the instant motion for litigation costs, and on October 30, 2007, petitioners' new counsel entered his appearance and filed a motion to supplement petitioners' motion for litigation costs by adding to the record an affidavit from petitioners as to their financial net worth showing total assets of $1,750, total liabilities of $138,826, and a negative net worth of $137,076.

## Discussion

For purposes of petitioners' motion for litigation costs under section 7430, respondent does not dispute that petitioners

exhausted all administrative remedies, did not protract the proceedings, substantially prevailed, and satisfy the net worth limitation of section 7430.

Respondent, however, argues that petitioners' motion for litigation costs should be denied because respondent's position was substantially justified and therefore petitioners do not qualify as the prevailing party, and because petitioners have not adequately established the reasonableness of the litigation costs they seek to recover.

Substantial Justification

A party in this Court will not be treated as the prevailing party in a case for purposes of the recovery of litigation costs under section 7430 where respondent establishes that his position in the case was substantially justified. Sec. 7430(c)(4)(B)(i).

Substantial justification for respondent's tax deficiency and penalty determinations exists where his determinations had a reasonable basis in fact and law. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).

Respondent's eventual and delayed notice to petitioners that their OIC (which respondent had requested from petitioners) would not be processed and that respondent would concede this case outright--deficiency, addition to tax, and penalties--not only triggers our curiosity but calls for a meaningful, credible, and

specific explanation from respondent in order to satisfy respondent's burden under section 7430(c)(4)(B)(i) to establish that his position was substantially justified.  The vague statement in respondent's correspondence that there existed some grand jury problems with the case is inadequate to satisfy respondent's burden.[1]

In light of respondent's outright concession, the facts that Balck was criminally prosecuted for 1995, the year involved herein, and that Balck was charged with omitting from her reported 1995 income $225,000 in taxable income and pleaded guilty thereto do not establish that respondent's position was substantially justified.  Quite to the contrary, if there were unspecified grand jury problems that necessitated respondent's concession of this case in 2007 (as respondent admits), those grand jury problems could well have occurred back in 2001, preceding the issuance of respondent's notice of deficiency in April 2003, and they perhaps should have prevented respondent's notice of deficiency from ever being mailed to petitioners.

---

[1]At the Oct. 30, 2007, hearing on petitioners' motion for litigation costs, respondent called no witnesses to explain the nature or extent of the grand jury problems or concerns that caused respondent to concede, not settle, this case. Respondent's trial counsel attempted to provide an explanation, but what was needed was the testimony of a Government fact witness who could testify as to the facts surrounding respondent's concession (e.g., testimony as to what the problems were, when they came to respondent's attention, and how they were dealt with), not an argument from respondent's trial counsel that does not constitute evidence.

Respondent has not made an adequate effort to explain or to acknowledge the underlying nature of the grand jury problems, when or how they arose, and when respondent's trial counsel and other personnel of respondent first became aware thereof. Without more information as to the grand jury problems, we conclude that respondent has not established that his position herein was substantially justified and that petitioners qualify as the prevailing party under section 7430.

Reasonableness of Litigation Costs

Although petitioners seek recovery of litigation costs of $5,534, they have bills totaling $12,207--$8,867 for the services of a forensic accountant and $3,340 for the services of a certified public accountant (C.P.A.). Additionally, petitioners seek recovery of $750 in legal fees relating to the instant motion.

Billing statements from the accountant have been submitted documenting her services to petitioners during the almost 5-year duration of this case and the modest $8,867 billed to petitioners therefor. Also, for the $3,340 the C.P.A. billed to petitioners, a billing statement has been submitted. Respondent makes no specific argument as to why these expenses should be regarded as unreasonable under section 7430. The explanation for the difference between the $12,207 total reflected in the billing statements and the $5,534 for which recovery is sought may be

that some of the billable hours appear to involve tax return preparation, rather than matters relating directly to this case.

On the rather sparse record before us, petitioners' request for an award of $5,534 in litigation costs, plus $750 relating to this motion, is reasonable.

For the reasons stated, petitioners' motion for litigation costs will be granted.

<u>An appropriate order and decision will be entered</u>.