JONAS R. BRYANT AND CARMEN L. BRYANT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bryant
Docket No. 3013-85
United States Tax Court
T.C. Memo 1992-680; 1992 Tax Ct. Memo LEXIS 726; 64 T.C.M. (CCH) 1395; T.C.M. (RIA) 92680; November 25, 1992, Filed *726 For Petitioners: Burgess L. Doan and Marvin L. Martin. For Respondent: Andrew M. Winkler. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This matter is before the Court on petitioners' motion for reasonable litigation costs pursuant to section 7430 [1] and Rule 231. [2] The issue for decision is whether petitioners have established that respondent's position in the underlying litigation was unreasonable within the meaning of section 7430(c)(2)(A)(i). As discussed in the ensuing opinion, we hold that petitioners have failed to establish such and, therefore, an order will be entered denying petitioners' motion for litigation costs. *727 Background Facts
By statutory notices of deficiency dated November 27, 1984, respondent determined deficiencies in petitioners' Federal income tax for taxable years 1979 and 1982 in the respective amounts of $ 203,492.52 and $ 9,088. On February 8, 1985, petitioners filed a petition with this Court seeking a redetermination of these deficiencies. Respondent's determinations that are the focus of petitioners' motion for litigation costs involve deductions petitioners claimed in the years at issue in respect to petitioner husband's mining and investment activities in mines entitled the Austin Mine and the Summit Mine. Hereinafter, all references to petitioner in the singular refer to petitioner husband. This Court held in Bryant v. Commissioner, T.C. Memo. 1989-527, that petitioner's mining activities in connection with the Austin Mine did not lack economic substance and that amounts expended by petitioners in connection thereto qualify as mine development expenses pursuant to section 616(a). We additionally held, however, that petitioner was not at risk pursuant to section 465 for amounts borrowed in connection with his mining investment *728 in the Austin Mine. We further held that petitioner's mining activities in connection with the Summit Mine did lack economic substance and, therefore, amounts expended thereto were not allowable as deductions. After a final decision was entered by this Court in Bryant v. Commissioner, supra, petitioners timely filed an appeal with the United States Court of Appeals for the Sixth Circuit. Petitioners specifically appealed, inter alia, that part of our opinion in which we held against them regarding the extent to which petitioner was at risk for amounts borrowed in connection with his investment in the Austin Mine and that part of our opinion regarding the deductibility of amounts expended relating to the Summit Mine. On March 22, 1991, the Sixth Circuit at 928 F.2d 745 affirmed in part, reversed in part, and remanded in part our decision in Bryant v. Commissioner, T.C. Memo. 1989-527. Pursuant to the Sixth Circuit's mandate, this Court on January 28, 1992, ordered and decided that there were no deficiencies in petitioners' Federal income tax for the taxable years 1979 and 1982. We thereafter vacated this decision *729 for the purpose of allowing petitioners to file their instant motion for litigation costs. Discussion
Section 7430 provides, generally, that a taxpayer who has substantially prevailed in a civil tax proceeding may be awarded reasonable litigation costs incurred in such proceeding. In order to be entitled to an award of litigation costs, the taxpayer must show that he was the "prevailing party" by establishing that the position of the United States in the civil proceeding was unreasonable [3] and that the taxpayer substantially prevailed in the proceeding with respect to either the amount in controversy or the most significant issue or set of issues presented. Sec. 7430(c)(2)(A)(i) and (ii). In addition, litigation costs will not be awarded unless the taxpayer can demonstrate that he exhausted the administrative remedies available to him within the Internal Revenue Service (IRS) and that the amount of costs claimed is reasonable. Sec. 7430(b)(2) and (3). The above-referenced requirements must all be met in order for an award to be made to petitioners. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). Petitioners have the burden of proof *730 as to each requirement. Rule 232(e); Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990). In the instant case, respondent has conceded that petitioners substantially prevailed with respect to the amounts in controversy and in respect to the most significant issues in the underlying action and that petitioners exhausted all available administrative remedies. Petitioners have stipulated *731 that their claim to litigation costs is limited to $ 25,000 as provided by section 7430(b)(1). [4] Respondent has stipulated that the amounts of costs claimed, if restricted to reasonable costs, would sum to at least $ 25,000. To be entitled to an award of litigation costs under section 7430, petitioners must establish that respondent's position in the underlying action was unreasonable. Sec. 7430(c)(2)(A)(i). Whether the position of the United States in the underlying action was unreasonable depends upon whether respondent's positions and actions were reasonable in light of the facts of this case and the applicable legal precedents. Sher v. Commissioner, 89 T.C. 79, 84-85 (1987), affd. 861 F.2d 131 (5th Cir. 1988); H. Rept. 97-404, at 12 (1981). We may also consider, among other factors *732 which we find relevant, whether respondent used the costs and expenses of litigation to extract unjustified concessions from petitioners, whether respondent pursued the instant litigation to harass or embarrass petitioners, and whether respondent's pursuit of the instant litigation was politically motivated. Sher v. Commissioner, supra at 84-85; H. Rept. 97-404, supra at 12. Petitioners contend that respondent's position in the underlying action was unreasonable in three respects. Section 616(a) Mine Development Deductions
For each of the taxable years at issue, petitioners claimed deductions pursuant to section 616(a) in respect to petitioner's mining and investment activities in the Austin Mine and the Summit Mine. Section 616(a) generally allows a deduction for expenditures paid or incurred during the taxable year for the development of a mine if paid or incurred after the existence of ores or minerals has been disclosed in commercially marketable quantities. By statutory notices of deficiency, respondent disallowed petitioners' mining development deductions. Petitioners challenge the reasonableness of respondent's position disallowing *733 these deductions. In the underlying action, respondent challenged petitioners' entitlement to such deductions by disputing whether petitioner's mining activities had economic substance apart from tax considerations and by disputing whether petitioners had established that they met the specific statutory requirements of section 616(a). At trial, petitioners submitted an expert witness report, testimony thereon, and studies and reports to carry their burden of proving that the basic requisites of section 616(a) were met. Respondent introduced no witnesses or other evidence to the contrary. Petitioners contend that it was unreasonable for respondent to introduce no evidence contradicting their evidence and, therefore, respondent's position on the disallowance of these deductions was unreasonable. Petitioners did not provide respondent with a copy of their studies and reports or their voluminous, nonindexed expert witness report until the day before trial commenced. Petitioners' counsel acknowledged at trial that upon receiving the expert's report, respondent's counsel had not had an adequate amount of time to review the report in order to effectively cross-examine the expert witness *734 and, therefore, had no objection to the Court's allowing respondent's counsel an additional day to prepare for cross-examination. The facts do not indicate that respondent became aware of petitioners' intent to submit an expert witness report at a point that would have allowed respondent ample time to acquire a rebuttal expert witness. The facts also do not indicate that petitioners provided respondent with documentation or any other evidence prior to trial establishing that the specific statutory requirements of section 616(a) were met. Deductions are strictly a matter of legislative grace, and the taxpayers bear the burden of proving their entitlement to any deductions claimed. Rule 142(a); Indopco, Inc. v. Commissioner, 503 U.S.    , 112 S. Ct. 1039, 1043 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Given the facts available to respondent at the commencement of trial regarding petitioners' entitlement to the section 616(a) deductions and in light of the timing and manner in which petitioners attempted to prove their entitlement to such deductions, we do not find it unreasonable for respondent *735 not to have introduced any evidence contradicting petitioners' evidence. Petitioners cite Mast v. Commissioner, T.C. Memo. 1989-438, to support their contention that respondent's position involving the mine development expenses was unreasonable. In Mast, the Commissioner determined that an item in controversy had a value of zero. We found this position unreasonable because the Commissioner held this position from the initial stages of the proceedings until the end despite being presented with three contradictory expert witness reports, including one prepared by one of the Commissioner's own expert witnesses. These contradictory expert witnesses reported that the item in controversy had a value ranging from approximately $ 1.2 million to $ 1.5 million. Other than an expert witness report submitted to the Court in violation of the time requirements of Rule 143, the Commissioner presented no evidence to contradict these three experts. In considering all of the above facts, we held that the Commissioner's position that the item in question had a value of zero was unreasonable. Unlike the taxpayers in Mast v. Commissioner, supra, *736 however, petitioners in the instant case did not present their expert's report to respondent at a time prior to trial that allowed respondent ample time to reevaluate her position on whether the requirements of section 616(a) were established. Therefore, the facts of Mast are distinguishable from those in the instant case. Petitioners have failed to establish the unreasonableness of respondent's position on disallowing the mining development deductions on the basis that the specific statutory requirements of section 616(a) were not met. We note that respondent also disallowed such deductions on the basis that petitioner's mining activities lacked economic substance apart from tax considerations; petitioners do not challenge the reasonableness of this position. At-Risk Amounts
Petitioners also contend that respondent's position that petitioner was not at risk pursuant to section 465 on $ 285,000 borrowed from an unrelated third party for his investment in the Austin Mine was unreasonable given the substantiation presented by petitioners. In Bryant v. Commissioner, T.C. Memo. 1989-527, we agreed with respondent that a provision contained *737 within the mining contract involving the Austin Mine immunized petitioner from any realistic possibility of suffering an economic loss and, therefore, held that petitioner was not at risk pursuant to section 465 with respect to this $ 285,000 debt. The Court of Appeals for the Sixth Circuit reversed our holding on this issue and held instead that petitioner was at risk with respect to this obligation. Bryant v. Commissioner, 928 F.2d 745, 748 (6th Cir. 1991). Petitioners appear to contend that respondent's position on this issue was unreasonable solely because the Court of Appeals for the Sixth Circuit ultimately determined that petitioner was at risk pursuant to section 465. The fact that respondent eventually loses a case, however, is not sufficient in and of itself to establish that her positions were unreasonable. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986). In order to meet their burden of proving that respondent acted unreasonably, petitioners must show that given the facts available to respondent, the legal precedents did *738 not substantially support respondent's position that petitioner was not at risk pursuant to section 465 on this amount. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). Petitioners have failed to show any facts or legal precedents supporting such. Tax Shelter
Finally, petitioners contend that it was unreasonable for respondent to proceed on the basis that petitioner was an investor in a tax shelter scheme without having initially identified petitioner's mining activities as such a scheme. Petitioners contend that the internal rules of the IRS contain practices and procedures for identifying certain tax shelter schemes and for appropriately controlling and directing the examination and disposition of such cases. They further contend that respondent proceeded throughout the underlying proceedings on the basis that petitioner's mining activities were part of a tax shelter operation without identifying such activities as tax shelters in accordance with these IRS procedures in the initial stages of the proceedings. Petitioners assert that *739 this act by respondent was unreasonable. Petitioners fail to establish and we simply fail to see how petitioners' arguments show the unreasonableness of any of respondent's positions in the underlying action. We conclude that petitioners have failed to establish that respondent's positions in the underlying action were unreasonable pursuant to section 7430(c)(2)(A)(i). Accordingly, we hold that petitioners are not entitled to recover litigation costs pursuant to section 7430. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue. Proceedings in the instant case commenced on Feb. 8, 1985; accordingly, the Code provisions applicable to recovery of litigation costs under sec. 7430 are those provided by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(a), 96 Stat. 572, effective for civil actions or proceedings commenced after Feb. 28, 1983. ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. For proceedings commenced after Dec. 31, 1985, taxpayers must establish that the position of the United States was "not substantially justified" rather than "unreasonable" in order to recover litigation costs pursuant to sec. 7430. Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(d)(1), 100 Stat. 2752. We have determined that the substantially justified standard is essentially a continuation of the reasonableness standard from prior law. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131↩ (5th Cir. 1988).
4. Prior to its amendment by sec. 1551, Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, sec. 7430 limited the amount of recoverable litigation costs to $ 25,000.↩