LARRY GRIMLAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grimland v. Commissioner
Docket No. 25381-91
United States Tax Court
T.C. Memo 1993-367; 1993 Tax Ct. Memo LEXIS 373; 66 T.C.M. (CCH) 402; August 18, 1993, Filed *373 For petitioner: Paul Craig Laird, II. For respondent: Trevor T. Wetherington. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This matter is before the Court on petitioner's motion for litigation costs under section 7430 [1] and Rule 231. In the notice of deficiency, respondent determined a deficiency of $ 503 in Federal income tax and an addition to tax under section 6653(a)(1) in the amount of $ 25 with respect to petitioner's 1988 taxable year. The case was calendared for trial; however, when the case was called, the parties filed a stipulation *374 of settled issues in which respondent conceded the deficiency in tax and the addition to tax. Petitioner's motion for litigation costs was thereafter filed. Respondent filed an objection. Although petitioner requested a hearing, the Court finds a hearing is not necessary based upon certain factual admissions by respondent. Rule 232(a)(3). At the time the petition was filed, petitioner's legal residence was in the State of Texas. In the notice of deficiency, respondent determined that petitioner, on his 1988 income tax return, failed to report $ 1,493 interest income, based upon an amount reported to the Internal Revenue Service (IRS) as having been paid to petitioner during 1988 by the U.S. Treasury Department and reflected on IRS Form 1099-Int. In his petition, petitioner alleged respondent was in error and attached to his petition the copy of a protest by petitioner's representative, a Certified Public Accountant, addressed to the IRS Service Center at Austin, Texas, written approximately 5 months prior to the petition. In this protest, the IRS was advised that, "Taxpayer received no interest income from this source in 1988. All known income was timely and properly reported." *375 No other factual circumstances were provided. A hearing was requested before the Appeals Office of the Dallas, Texas, Regional Director of the IRS. No conference or hearing was ever held nor was any notice or reply ever sent to petitioner of any decision by the IRS Appeals Office with regard to petitioner's protest. In respondent's objection to petitioner's motion for litigation costs, respondent asserts that the $ 1,493 interest was in fact paid by the U.S. Treasury during 1988; however, the facts and circumstances surrounding the payment were not readily ascertainable, and it was only after a considerable number of requests of documents from various offices of the IRS as well as discussions with petitioner's accountant that the facts could be sorted out intelligibly and, based upon which, respondent conceded the issue. The facts, as recited by respondent, are that petitioner was not married during 1988. During 1988, petitioner's former wife, Amy Jo Grimland, filed amended income tax returns for the years 1982 through 1984 to carry back a net operating loss sustained by Amy Jo Grimland during 1988 in a trade or business operated by her. The amended income tax returns for 1982 *376 through 1984, which carried back the 1988 net operating loss, were filed in the names of petitioner, Larry Grimland, and Amy Jo Grimland, consistent with the joint income tax returns which had been filed by petitioner and his then wife for the earlier carryback years. Based upon the amended returns, refunds of taxes were paid for the years 1982 through 1984, along with interest of $ 1,493 on the taxes refunded. The amended returns contained the social security numbers of both husband and wife, and, since petitioner's social security number, as husband, appeared first on the amended returns, the IRS Form 1099 reflecting payment of the $ 1,493 interest was issued in petitioner's name. Respondent then traced the refund and interest and found that it had gone to the former wife and not to petitioner. Respondent then conceded the adjustment. [2]
*377 In the case of any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty, the taxpayer may be awarded a judgment for (1) reasonable administrative costs incurred in connection with such administrative proceeding within the IRS, and (2) reasonable litigation costs incurred in connection with such court proceeding. Sec. 7430(a)(1) and (2). A judgment may be awarded only if the taxpayer was the "prevailing party" and "exhausted the administrative remedies available to such party within the Internal Revenue Service". Sec. 7430(a) and (b)(1). Respondent does not contend that petitioner did not exhaust administrative remedies available to him within the IRS. Accordingly, the issue is whether petitioner was the prevailing party. A taxpayer is considered the prevailing party only if it is established that: (1) The position of the United States in the proceeding was not substantially justified; (2) the taxpayer has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented; and (3) the taxpayer had a net worth *378 not in excess of 2 million dollars at the time the proceeding was commenced. Sec. 7430(c)(4)(A). Respondent concedes that petitioner satisfies the second and third requirements above but contends that the first requirement has not been satisfied. Accordingly, the issue here is whether "the position of the United States in the proceeding was not substantially justified". The decision whether respondent's position was not substantially justified requires the Court to first identify the point in time at which the United States is considered to have taken a position, and second to decide whether the position taken from that point forward was not substantially justified. Under section 7430(c)(7), the term "position of the United States" means: (A) the position taken by the United States in a judicial proceeding * * * and (B) the position taken in an administrative proceeding * * * as of the earlier of -- (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency.
Prior to issuance of the notice of deficiency, petitioner, through his representative, filed a protest *379 and requested a hearing before the IRS Appeals Office. Petitioner, therefore, was involved in an administrative proceeding under section 7430(c)(7)(B). Section 7430(c)(5) defines "administrative proceeding" as "any procedure or other action before the Internal Revenue Service". However, no notice of decision of the Appeals Office of the Internal Revenue Service was ever issued or received by petitioner prior to the date of the notice of deficiency. Therefore, the United States is considered to have taken a position on October 1, 1991, under section 7430(c)(7)(B)(ii), the date the notice of deficiency was issued. It is from that date forward the Court must decide whether respondent's position was not substantially justified. Whether respondent's position was not substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained". *380 Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The fact that respondent eventually loses or concedes the case does not establish an unreasonable position. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Baker v. Commissioner, 83 T.C. 822, 828 (1984), vacated on other issues 787 F.2d 637 (D.C. Cir. 1986). The reasonableness of respondent's position and conduct necessarily requires considering what respondent knew at the time. Cf. Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). Petitioner has the burden of establishing that respondent's position was unreasonable. Rule 232(e). The reasonableness of respondent's position turns upon when the facts became known to respondent that prompted the concession that the interest income in question was not attributable to petitioner, and whether respondent acted reasonably with respect thereto once this information became known to respondent. Respondent's underreporter transcript, based upon the Form 1099 *381 filed with respondent, reflected that petitioner was the recipient of interest income which was not reported on petitioner's income tax return for 1988. The notice of deficiency was issued based upon this information. After the petition was filed, respondent referred the case to the IRS Appeals Office. Once the case was referred to the Appeals Office, that office had at least two contacts with petitioner's representative in an effort to obtain information as to how and to whom the subject interest had been paid by the U.S. Treasury. The records of the U.S. Treasury verified that the amount reported on the Form 1099 was correct. Petitioner's protest contained no information upon which it might be determined to whom the interest had been paid. Since petitioner was divorced, the Court assumes petitioner had no knowledge that his former wife had filed the amended returns for the earlier years in both their names, or that a refund of taxes and interest had been paid for these years. In one of the contacts between the Appeals Office and petitioner's representative, the Appeals Office was informed by petitioner's representative that petitioner had formerly been married to Amy Jo Grimland. *382 Once this information was obtained, the Appeals Office then determined that the interest in question had been paid to petitioner's former wife, Amy Jo Grimland, based on the amended income tax returns which had been filed in the names of petitioner and his former spouse. At that point, respondent conceded the case. On this record, petitioner has not sustained his burden of establishing that respondent's position was not substantially justified. In support of his motion, petitioner claimed he was never allowed any administrative consideration of his case prior to issuance of the notice of deficiency, and, therefore, when the notice of deficiency was issued, he was compelled to petition this Court for relief. The Court dismisses this argument because, under section 7430(c)(7), in determining whether the Government's position was substantially justified, the "position of the United States" in an administrative proceeding is the earlier of the date of the receipt by the taxpayer of the notice of the decision of the IRS Office of Appeals or the date of the notice of deficiency. Here, no notice of decision was ever issued by the IRS Office of Appeals. The Government's position, therefore, *383 for purposes of this motion, is viewed from the date the notice of deficiency issued and includes the position the Government took in the judicial proceeding following the filing of a petition in this Court. For the same reason, the Court also rejects petitioner's vague references to the failure of the IRS "to follow the conference committee report in giving taxpayers internal appeal rights before they have to litigate in tax court." See Sokol v. Commissioner, supra at 767. Although petitioner did not cite the statutory authority or the legislative history referred to, the Court surmises petitioner may have been referring to the Omnibus Taxpayer Bill of Rights, which was enacted as part of the Technical & Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6226, 102 Stat. 3342. If that is what petitioner had reference to, he failed to establish what rights he was deprived of, whether he initiated a request for relief under the Act, or the results of such administrative actions. [3]
*384 Petitioner's motion has been considered in light of Powers v. Commissioner, 100 T.C.     (1993). In that case, respondent issued a notice of deficiency disallowing substantial Schedule C expenses claimed on the taxpayer's returns for 2 years without previously auditing the taxpayer's returns or examining the taxpayer's books and records. The taxpayer was held entitled to litigation costs in that case. This Court held in the Powers case that the Government's position as set out in the notice of deficiency must have a reasonable basis in fact and in law, and, short of that, the Government's position is not substantially justified. Since the Government, in the Powers case, did not audit the taxpayer's returns, did not examine the taxpayer's books and records, and had no relevant evidence to support the income tax deficiencies asserted, the Government's position in the notice of deficiency, disallowing expenses in the tax returns, was held not to have been based upon fact or law, and, thus, the Government's position was not substantially justified. In the instant case, the deficiency was not based upon the disallowance of items reported on petitioner's income tax *385 return; rather, the deficiency was based solely on information received from a payor, the U.S. Treasury, reflecting a payment of interest to petitioner during 1988 in the amount of $ 1,493. Petitioner's income tax return for 1988 did not include this income. Respondent, therefore, based upon information from the payor of the unreported income, issued the notice of deficiency. [4] Respondent had a reasonable basis in fact and in law for issuance of the notice of deficiency. The Court recognizes that, in Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part, revg. in part T.C. Memo. 1990-68, the Fifth Circuit Court of Appeals held that the Government may not always rely solely on a presumption of correctness of Forms 1099 received by the Government from third party payors, and there may be a duty on the part of the Government to investigate further, either by verification from the payors that the amounts reported were in fact paid, or by determining that the taxpayer in fact received the amount reflected on the Forms 1099. Here, respondent fulfilled that obligation. The records of the U.S. Treasury confirmed *386 that the interest had in fact been paid in the name of petitioner. In Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988), the Fifth Circuit Court of Appeals held that, where the Government's position is based on apparently credible third party information, the Government has a reasonable basis in fact or in law, unless the allegations in the petition and documents in the Government's files demonstrate the need for further investigation. Respondent made the necessary further investigation when petitioner alleged that he had not received the income in question. When respondent determined that the recipient was someone else, petitioner's former wife, the case was conceded. Sher v. Commissioner, supra, supports respondent's position. *387 Finally, in Lennox v. Commissioner,     F.2d     (5th Cir., Aug. 5, 1993), the Fifth Circuit Court of Appeals held that, in determining whether the Government's position is substantially justified on the date of issuance of the notice of deficiency under section 7430(c)(7)(B)(ii), the Government's position must be analyzed in the context of what caused the Government to take the position set out in the notice of deficiency. The Government's position is substantially justified, the Court reasoned, if the position is justified to a degree that could satisfy a reasonable person. However, the Court noted, the Government's position is not substantially justified if, at the time the notice of deficiency is issued, the Government had merely a "suspicion" of the taxpayer's liability, and the opportunity existed for further and much needed investigation. In this case, respondent had more than a suspicion of the taxpayer's liability at the time the notice of deficiency was issued. The Government's records showed that interest had been paid to petitioner. Petitioner's protest provided no information, explanation, or any leads which could be pursued to determine to whom the *388 interest was in fact paid. Moreover, if respondent had not conceded the case, the possibility existed that respondent could have prevailed over petitioner under the community property law of Texas, at least as to one-half of the interest. [5] Respondent's position, therefore, was justified to a degree which could satisfy a reasonable person. Respondent's position, therefore, was substantially justified in the context of Lennox v. Commissioner, supra.
Having found that respondent's position was substantially justified, the Court finds it unnecessary to address respondent's objections with respect to the amount of the costs claimed by petitioner. Petitioner's motion for litigation costs will be denied. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. The petition in this case was filed Nov. 4, 1991; therefore, the motion is subject to sec. 7430 as amended by sec. 6239(d) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3746, effective for all civil tax proceedings commenced after Nov. 10, 1988. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent correctly points out that, despite the fact that petitioner and Amy Jo Grimland were divorced in 1988, the two may have had joint property rights with respect to any refund of the taxes paid in the earlier years while they were married. Texas is a community property state in which income earned by either spouse is treated as community income, attributable one-half to each spouse. Tex. Fam. Code Ann. sec. 5.01↩ (West 1975). Thus, the refund of taxes (and interest thereon) in 1988 of taxes paid in earlier years on community income may have been properly attributable one-half to each spouse. In such event, respondent's determination of income against petitioner could have been valid at least as to one-half of the interest. Presumably because respondent was satisfied that the refund and interest went directly to Amy Jo Grimland, respondent chose not to proceed against petitioner.
3. For example, one of the remedies available to taxpayers under the Omnibus Taxpayer Bill of Rights is under sec. 7811 of the Internal Revenue Code, which generally allows a taxpayer to apply to the Office of Ombudsman for issuance of a Taxpayer Assistance Order to require the Secretary to cease any action or refrain from taking any action with respect to a taxpayer if, in the determination of the Ombudsman, the taxpayer is suffering or about to suffer a significant hardship as a result of the manner in which the internal revenue laws are being administered by the Secretary. Petitioner did not allege or establish that he sought relief under this provision or any other provision in the Internal Revenue Code, which is part of the Omnibus Taxpayer Bill of Rights↩. See sec. 7520 relating to procedures involving taxpayer interviews.
4. Since the payor in this case was the U.S. Treasury and involved the refund of taxes (and interest), it is questionable whether the Government was a third party payor.↩
5. See supra↩ note 2.