T.C. Memo. 2014-172

UNITED STATES TAX COURT

MICHAEL SWIGGART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6933-12L.                    Filed August 25, 2014.

<u>Eric William Johnson</u>, for petitioner.

<u>Christina L. Cook</u> and <u>John Schmittdiel</u>, for respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  This case is before the Court on Mr. Swiggart's motion

pursuant to Rule 231[1] for an award of reasonable administrative and litigation

_____

[1]Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.  All amounts are rounded to the nearest dollar.

[*2] costs under section 7430. For the reasons discussed below, we conclude that Mr. Swiggart is entitled to administrative and litigation costs of $3,256.50.

Background

On May 19, 2011, Mr. Swiggart filed a 2010 Form 1040, U.S. Individual Income Tax Return. Mr. Swiggart claimed head of household filing status, reported tax due of $15,766, and reported tax withheld of $13,617. Mr. Swiggart did not pay the remaining $2,149. Moreover, Mr. Swiggart did not report the name of the dependent who qualified him for the head of household filing status because he had agreed to allow the child's mother to claim the dependency exemption deduction for the child for 2010.

On June 20, 2011, the IRS issued a math error notice to Mr. Swiggart, stating that the IRS had changed his filing status because the name of the dependent who qualified him for head of household filing status was not reported on his tax return. As a result, the IRS recalculated Mr. Swiggart's tax using a filing status of single and determined that Mr. Swiggart instead owed $4,354, an increase of $2,205 to the amount Mr. Swiggart had reported as due on his return.[2]

---

[2]Of the $2,205, $2,142 is attributable solely to the change in filing status; the remainder consists of a section 6651(a)(2) addition to tax and interest.

**[*3]** In the notice, the IRS stated: "If you contact us in writing within 60 days of the date of this notice, we will reverse the change we made to your account."

Sixteen days later, on July 6, 2011, the IRS issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, seeking to collect the amount from the math error notice plus penalties and interest.

On August 5, 2011, 46 days after the IRS issued the math error notice, Mr. Swiggart's counsel, Mr. Johnson, mailed a request for abatement by certified mail to the address listed on the math error notice. Also on August 5, 2011, Mr. Johnson mailed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, by certified mail to the "person to contact" listed on the notice of intent to levy. Mr. Johnson attached a supporting statement to the request for a hearing listing the reasons he believed Mr. Swiggart was entitled to head of household filing status, stating why he believed the IRS' change in Mr. Swiggart's filing status was not a proper mathematical or clerical error under section 6213(g)(2), and stating that he had timely requested abatement under section 6213(b)(2)(A).

On September 15, 2011, respondent issued Mr. Swiggart a letter stating that the IRS was unable to process his claim for abatement because his supporting information was not complete and the additional information Mr. Swiggart

**[*4]** provided did not give the IRS a basis to change the assessment.[3]  On October 24, 2011, Mr. Johnson contacted the settlement officer assigned to the CDP hearing by letter informing him that the request for abatement had been denied despite his timely request and again requesting that the assessment be abated and that deficiency procedures be followed.

During the CDP hearing Mr. Swiggart provided a signed affidavit dated September 13, 2011, identifying his child by name and Social Security number and stating that his child spent the greater number of nights in 2010 with him but that he had an agreement with the child's mother to waive the dependency exemption deduction for certain years, including 2010.  The settlement officer agreed that claiming the child as a dependent was not required to qualify as a head of household, but the settlement officer also concluded that he could not abate the tax attributable to the change in filing status until Mr. Swiggart provided additional documents showing that the child had lived with him for more than half of the

---

[3]There are some inconsistencies in this letter.  The letter states that Mr. Swiggart's claim was received on May 19, 2011 (the date of the return), but also states that there was a claim on August 16, 2011.  The letter also states that Mr. Swiggart submitted an amended return, an allegation that neither party made to this Court and that is not supported by the record.  Further, the letter states that the IRS has no record that Mr. Johnson was authorized to represent Mr. Swiggart in his request for abatement, but the letter was in fact sent in care of Mr. Johnson at Mr. Johnson's address.

[*5] year.  On February 8, 2012, IRS issued a notice of determination sustaining the proposed levy because Mr. Swiggart had not proven that he was entitled to head of household filing status and because he had not proposed a collection alternative or provided financial information showing whether he was eligible for a collection alternative.[4]

Mr. Swiggart, residing in Minnesota at the time, timely filed a petition disputing the notice of determination and asserting that the assessment respondent attempted to collect was invalid as to the portion relating to his filing status.  Mr. Swiggart asserted that the change in filing status was not properly subject to a math error notice, that he had timely requested abatement, that the IRS had erroneously concluded that he was required to prove his entitlement to the filing status before abatement, and that respondent had erroneously determined the

---

[4]There are also inconsistencies in this letter.  The notice of determination states that Mr. Swiggart raised and disputed the head of household filing status but also states that he made no challenges to the existence or the amount of the underlying liability.  The notice of determination states both that the hearing occurred on January 11, 2012, with Mr. Johnson and that it occurred on January 17, 2012, with a representative named Nicole McGuire.  It is clear portions of the notice of determination relate to another taxpayer's hearing with a different representative.

**[\*6]** assessment was valid. Respondent's answer alleges that "the settlement officer provided the opportunity to contest liability which would cure any procedural issues" Mr. Swiggart raised.

On November 19, 2012, Mr. Swiggart filed a motion for summary judgment, requesting the Court to conclude that the portion of the assessment attributable to the change in filing status is void and that respondent may not levy to collect that portion.[5] Mr. Swiggart did not dispute the portion of the assessment attributable to the amount reported as due but unpaid with his return. On December 11, 2012, respondent filed an objection to Mr. Swiggart's motion for summary judgment, stating that he did not object to abating the portion of the assessment attributable to the change in filing status but did object to abating the portion Mr. Swiggart reported as due on his return, which he acknowledged Mr. Swiggart was not disputing. On March 8, 2013, respondent filed a supplement to his notice of objection, informing the Court that he agreed that Mr. Swiggart's motion for summary judgment should be granted only in part, as to the portion of the assessment attributable to the change in filing status. Respondent also stated in his supplement that the abatement had been approved but had not yet appeared

---

[5]The record is not clear as to whether there were two separate assessments or one assessment consisting of both the amount reported as due but unpaid with the return and the amount attributable to the change in filing status.

**[*7]** on the certificate of assessment; respondent included a separate document showing that the abatement of $2,142 had been approved.

At trial on April 23, 2013, the parties filed a stipulation of settled issues. In the stipulation, the parties agreed that respondent had abated $2,142 of the assessment without prejudice to his right to reassess the amount using deficiency procedures and that the collection action is sustained as to the $2,149 that Mr. Swiggart reported as due but unpaid on his original return, plus penalties and interest. After trial Mr. Swiggart filed a motion for an award of costs and a memorandum in support of his motion. Respondent filed a response asserting that Mr. Swiggart was not the prevailing party and that he is not entitled to attorney's fees in excess of the statutory rate.

## Discussion

Section 7430(a) allows a taxpayer to recover reasonable administrative and litigation costs incurred in an administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty. Reasonable administrative costs are the reasonable and necessary costs incurred by the taxpayer in connection with the administrative proceeding. They include administrative fees imposed by the Commissioner, reasonable fees paid or incurred to retain the services of a

**[*8]** representative who is licensed to practice before the IRS, reasonable expenses of expert witnesses, and reasonable costs for any study, analysis, or report that is necessary to the taxpayer's case.[6]  Similarly, reasonable litigation costs include reasonable court costs, reasonable attorney's fees, reasonable expenses of expert witnesses, and reasonable costs of any study, analysis, or report necessary to the taxpayer's case.[7]

To recover administrative and litigation costs under section 7430(a), the taxpayer must satisfy each of the following requirements:  (1) the taxpayer must not have unreasonably protracted the administrative or court proceedings and (2) the taxpayer must have been the "prevailing party".[8]  In addition, with respect to a request for litigation costs, the taxpayer must also prove that he or she exhausted all administrative remedies available within the IRS.[9]  Mr. Swiggart has the burden of establishing that he satisfied each requirement of section 7430.[10]

---

[6]Sec. 7430(c)(2); sec. 301.7430-4(b)(1), Proced. & Admin. Regs.

[7]Sec. 7430(c)(1).

[8]Sec. 7430(b)(2) and (3), (c)(4)(A).

[9]Sec. 7430(b)(1).

[10]See Rule 232(e).

**[\*9]**  Respondent conceded that Mr. Swiggart exhausted the administrative remedies available to him within the IRS and that he did not unreasonably protract the proceedings.  Respondent disputes that Mr. Swiggart was the prevailing party.

Prevailing Party

To be a prevailing party, a taxpayer must (1) substantially prevail with respect to the amount in controversy or the most significant issue or set of issues presented and (2) meet the timing and net worth requirements of 28 U.S.C. 2412(d)(1)(B) and (2)(B).[11]  Respondent concedes Mr. Swiggart meets the net worth requirement, and we conclude he has met the timing and net worth requirements.  Respondent asserts that Mr. Swiggart has not substantially prevailed with respect to the amount in controversy because he reported a tax due of $7 more than the portion of the assessment attributable to the change in filing status.  Further, respondent asserts that Mr. Swiggart has not substantially prevailed as to the most important issue or set of issues because "[t]he most important issue in any CDP case is the validity of the Service's collection action."

Mr. Swiggart has consistently disputed the assessment of the amount attributable to the unilateral change in filing status, and the only issues presented to us were the validity of that portion of the assessment and the attempts to collect

---

[11]Sec. 7430(c)(4)(A).

[*10] based on that assessment.  Respondent has conceded that the portion of the assessment attributable to the change in filing status was invalid and that the collection action should not be sustained as to that portion of the assessment.  Mr. Swiggart is the prevailing party.

Substantially Justified

A taxpayer will not be treated as the prevailing party if the Commissioner establishes that the position of the United States was substantially justified.[12]  In his response to Mr. Swiggart's motion for award of costs, respondent did not assert that the position of the United States was substantially justified, and with good reason.  A position is substantially justified if it has a reasonable basis in both fact and law and is justified to a degree that could satisfy a reasonable person.[13]  A significant factor in determining whether the Commissioner's position is substantially justified as of a given date is whether on or before that date the taxpayer has presented all of the relevant information that is under the taxpayer's

---

[12]Sec. 7430(c)(4)(B)(i); Rule 232(e).

[13]See Pierce v. Underwood, 487 U.S. 552, 565 (1988); see also Sher v. Commissioner, 89 T.C. 79, 84 (1987), aff'd, 861 F.2d 131 (5th Cir. 1988).

**[*11]** control and has presented relevant legal arguments supporting the taxpayer's position.[14]

Where a taxpayer seeks both administrative and litigation costs, we apply the "substantially justified" standard as of the two separate dates on which the Commissioner took a position, first in the administrative proceeding and later in the court proceeding.[15] For purposes of the administrative proceeding, the Commissioner's position is that taken on the date of the notice of decision of the IRS Office of Appeals.[16] For purposes of the court proceeding, the Commissioner's position is the position set forth in the answer.[17] Where the Commissioner maintains the same position in both the administrative and court proceedings, we can consider his administrative and litigation positions together.[18]

---

[14]Corson v. Commissioner, 123 T.C. 202, 206-207 (2004); sec. 301.7430-5(c)(1), Proced. & Admin. Regs.

[15]Sec. 7430(c)(7)(A) and (B); Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997).

[16]Sec. 301.7430-3(c)(2), Proced. & Admin. Regs.

[17]Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 442.

[18]Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 442-443; see also Cooley v. Commissioner, T.C. Memo. 2012-164, slip op. at *18-*19.

**[\*12]** Under section 6213(b)(2)(A), if a taxpayer filed a request for abatement within 60 days of the issuance of the math error notice, "the Secretary shall abate the assessment." (Emphasis supplied.) Further, any reassessment "shall be subject to the deficiency procedures".[19] The parties agree and we find that Mr. Swiggart requested abatement within 60 days of the math error notice when he mailed his request to the Atlanta, Georgia, IRS address on the notice; therefore, respondent was required by statute to abate the assessment.[20] Further, Mr. Swiggart provided a copy of the request and relevant legal authority to the Office of Appeals during the CDP hearing. Mr. Swiggart's request for abatement was rejected by letter dated September 15, 2011, from an IRS office in Memphis, Tennessee.[21] That letter stated that the IRS would not abate the assessment because Mr. Swiggart had failed to prove he was entitled to head of household filing status. Further, the

---

[19]Sec. 6213(b)(2)(A) (emphasis supplied).

[20]Mr. Swiggart also asserted that respondent's issuance of the notice of levy was in violation of section 6213(b)(2)(B). That section provides that no levy or proceeding in court for the collection of an assessment arising out of a math error notice shall be made, begun, or prosecuted during the 60 days within which the assessment may be abated. However, a "notice of intent to levy is an action other than a levy". See Eichler v. Commissioner, 143 T.C. __, __ (slip op. at 14) (July 23, 2014).

[21]It is not clear whether the September 15, 2011, letter was from an Office of Appeals.

[*13] settlement officer also concluded that Mr. Swiggart was required to prove his entitlement to that status, despite Mr. Swiggart's citation of the statute requiring the assessment to be abated. The settlement officer concluded that the erroneous assessment was valid and that Mr. Swiggart's affidavit was insufficient to prove entitlement to head of household status and sustained the levy. By statute, the IRS was required to abate the assessment, and requiring Mr. Swiggart to prove entitlement to head of household status before abating the assessment was not substantially justified.

In the answer, respondent continued to maintain that the assessment was valid and that "the settlement officer provided the opportunity to contest liability which would cure any procedural issues". In Freijie v. Commissioner, 125 T.C. 14, 32-36 (2005), the Court held that a taxpayer's opportunity in a section 6330 proceeding to dispute the underlying tax liability does not cure an assessment made in derogation of his right to a deficiency proceeding. Respondent's position in the answer is not substantially justified.

Mr. Swiggart is the prevailing party; therefore, we must determine whether the attorney's fees and other costs that he seeks to recover are reasonable.

**[\*14]** Reasonable Costs

Mr. Swiggart seeks an award for the $60 Tax Court filing fee and legal fees for 22.6 hours at a $250 hourly rate. Those legal fees include fees related to both litigation and the administrative proceeding. We address the two separately. Litigation costs include those "incurred in connection with the preparation and filing of a petition".[22] Mr. Swiggart is entitled to the $60 filing fee.[23]

Mr. Swiggart claimed 16.85 hours of legal fees attributable to litigation: 9.5 hours in 2012 and 7.35 hours in 2013. We find the amount of time to be reasonable. Reasonable attorney's fees may not exceed the rate of $125 per hour (as adjusted for inflation) unless "a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate."[24] Mr. Johnson has not demonstrated that any special factor is applicable, and thus Mr. Swiggart may recover attorney's fees only at the inflation-adjusted hourly rate. The IRS publishes the inflation-adjusted rate cap on an annual basis. The hourly

---

[22]See sec. 301.7430-4(c)(3)(i), Proced. & Admin. Regs.

[23]See sec. 7430(c)(1)(A); see also Mason v. Commissioner, T.C. Memo. 1998-400.

[24]Sec. 7430(c)(1)(B)(iii).

[*15] rate cap for fees incurred in 2011 and 2012 was $180 per hour.[25]  The hourly rate cap for fees incurred in 2013 was $190 per hour.[26]  Applying these rates to the reasonable hours set forth above, Mr. Swiggart is entitled to attorney's fees of $3,106.50 as a part of his litigation costs.

Mr. Swiggart claimed 5.75 hours of legal fees attributable to administrative costs:  4.25 hours in 2011 and 1.5 hours in 2012.  Reasonable administrative costs include only those incurred on or after the earliest of:  (1) the date of the receipt by the taxpayer of the notice of the decision of the IRS Office of Appeals; (2) the date of the notice of deficiency; or (3) the date on which the IRS sends the first letter of proposed deficiency that allows the taxpayer an opportunity for administrative review in the IRS Office of Appeals.[27]  The math error notice Mr. Swiggart received did not provide the opportunity for administrative review with the Office of Appeals.  Because the IRS did not abate the assessment as required by statute, it did not issue Mr. Swiggart a letter of proposed deficiency or a notice of deficiency.  Thus, although the IRS' actions were not substantially justified, their

---

[25]See Rev. Proc. 2011-52, 2011-45 I.R.B. 701; Rev. Proc. 2010-40, 2010-46 I.R.B. 663.

[26]See Rev. Proc. 2012-41, 2012-45 I.R.B. 539.

[27]See sec. 7430(c)(2).

[*16] actions prevented the issuance of the very kind of notice that would have given rise to a claim relating to administrative costs earlier in the administrative proceeding.

The earliest letter in the record from the Office of Appeals is the notice of determination dated February 8, 2012; however, Mr. Swiggart claimed only one-half hour of attorney's fees as administrative costs after that date. Mr. Swiggart, therefore, is entitled to $90 of attorney's fees as administrative costs.

## Conclusion

Mr. Swiggart was the prevailing party in this case, and the IRS was not substantially justified in failing to abate the assessment attributable to the change in filing status. As a result, we will grant Mr. Swiggart's motion for an award of reasonable litigation and administrative costs under section 7430 in that he is awarded $3,256.50.

To reflect the foregoing,

An appropriate order and decision will be entered.