T.C. Memo. 2015-6

UNITED STATES TAX COURT

GREGORY MCBRIDE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11394-13.                    Filed January 8, 2015.

Gregory McBride, pro se.

<u>Janet F. Appel</u> and <u>Sheida Lahabi</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>: Respondent determined a $3,540 deficiency in petitioner's
Federal income tax for 2010 and a $708 penalty under section 6662(a). The issues
for decision are: (1) whether petitioner is entitled to three dependency exemption
deductions for his two children and one grandchild; (2) whether he is entitled to
head of household filing status; and (3) whether he is liable for the penalty.

[*2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Massachusetts at the time his petition was filed.

During 2010, petitioner, his daughter and son (both adults), and his grandchild CML, the minor child of his daughter, all resided in petitioner's home. (The Court refers to minor children by only their initials. See Rule 27(a)(3).)

Petitioner's son filed his 2010 Federal income tax return on February 28, 2011. On that return, the son claimed a personal exemption deduction for himself. He also claimed $1,129 in refundable tax credits and $75 withheld tax, resulting in a refund of $1,204.

Petitioner's daughter also filed her 2010 Federal income tax return on February 28, 2011. She reported gross income of $11,892 and claimed a personal exemption deduction for herself and a dependency exemption deduction for CML. The daughter also claimed $4,450 in refundable credits and $840 withheld tax, resulting in a refund of $5,290.

**[*3]**  After being granted an extension of time to file, petitioner timely filed his 2010 Federal income tax return on May 23, 2011.  On his tax return, petitioner claimed head of household filing status and dependency exemption deductions for his son, his daughter, and CML.

## OPINION

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income.  Sec. 151(c).  Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer.  In addition to other requirements, a qualifying child must be under the age of 19 or a student and under the age of 24 as of the close of the calendar year in which the taxable year of the taxpayer begins.  Sec. 152(c)(1)(C), (3).  In addition to other requirements, a qualifying relative must have an annual gross income of less than the exemption amount, and the taxpayer must provide over one-half of the qualifying relative's support.  Sec. 152(d).

Petitioner's daughter and son were both adults in 2010 (i.e., not under 19).  Petitioner did not establish, and nothing in the record indicates, that his children were under 24 and students.  Likewise, petitioner did not present evidence showing that he provided over one-half of his daughter's or son's support in 2010.  Moreover, his daughter reported gross income of $11,892 for 2010, which is over

**[*4]** the $3,650 exemption amount for that year. For these reasons, the daughter and the son are neither qualifying children nor qualifying relatives.

Section 152(c)(4) provides a "tie-breaker rule" when multiple taxpayers are claiming the same child as a qualifying child. In such an instance, the child shall be treated as the qualifying child of the taxpayer who is a parent as opposed to anyone who is not. Sec. 152(c)(4)(A)(i). Accordingly, petitioner did not have authority to claim CML as a qualifying child for 2010 because his daughter, CML's mother, had already done so. Petitioner is also not entitled to claim CML as a qualifying relative because, among other things, CML is a qualifying child of his daughter. See sec. 152(d)(1)(D).

Petitioner contends that his daughter's claim of CML as a dependent was an inadvertent error due to use of software in preparing her return. He asserts that his daughter executed an affidavit in December 2012 confirming their agreement that he could claim CML as his dependent. That affidavit is not in evidence and would not change the result. Petitioner's daughter filed a return in February 2011 claiming CML as a dependent, and she received a substantial refund as a result. She did not file a timely amended return, and the Internal Revenue Service (IRS) is barred at this point from determining a deficiency against her. In any event, she had already made that claim when petitioner filed his own return in May 2011, and

**[*5]** he is not entitled to duplicate the dependency claim. Section 152 is designed, in part, to ensure that a dependency exemption be claimed on only one tax return.

Section 1(b) establishes a special income tax rate for an individual filing as head of a household. To qualify as head of a household, a taxpayer must have been unmarried at the end of the taxable year and maintained a household that, for more than one-half of the taxable year, was the principal place of abode for a qualifying child or any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. Sec. 2(b)(1).

To support his position, petitioner cites Swiggart v. Commissioner, T.C. Memo. 2014-172. The relevant portion of that case, however, is distinguishable. In Swiggart, a taxpayer parent who was eligible to claim his child as a qualifying child chose not to do so because he had made an agreement with the child's mother to waive the deduction for certain years, including the year in issue. The IRS agreed that the actual act of claiming a child as a dependent was not required to qualify as head of household. Id. at *2.

In contrast to the taxpayer in Swiggart, petitioner was not eligible to claim his children or CML as dependents. Accordingly, petitioner is not entitled to head of household filing status.

**[*6]** <u>Section 6662 Accuracy-Related Penalty</u>

Respondent determined a section 6662(a) penalty for petitioner's 2010 tax year. Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to, among other things, a taxpayer's negligence or disregard of rules or regulations, or a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). Respondent did not address the penalty in the pretrial memorandum or at trial, and it will not be sustained.

We have considered the other arguments of the parties, and they are not material to our conclusions.

**[*7]** To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent as to the deficiency and for</u>

<u>petitioner as to the penalty</u>.