GREGORY MCBRIDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent McBride v. Comm'r
Docket No. 11394-13 United States Tax Court
2015 Tax Ct. Memo LEXIS 25; January 8, 2015, Filed
Decision text below is the first available text from the court; it has not been editorially reviewed by LexisNexis. Publisher's editorial review, including Headnotes, Case Summary, Shepard's analysis or any amendments will be added in accordance with LexisNexis editorial guidelines.
*25 Docket No. 11394-13. Filed January 8, 2015.
Gregory McBride, pro se.
Janet F. Appel and Sheida Lahabi, for respondent.
MEMORANDUM FINDINGS OF FACT AND OPINION
COHEN, Judge: Respondent determined a $3,540 deficiency in petitioner's
Federal income tax for 2010 and a $708 penalty under section 6662(a). The issues
for decision are: (1) whether petitioner is entitled to three dependency exemption
deductions for his two children and one grandchild; (2) whether he is entitled to
head of household filing status; and (3) whether he is liable for the penalty.
- 2 -
[*2] Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.
FINDINGS OF FACT
Some of the facts have been stipulated, and the stipulated facts are
incorporated in our findings by this reference. Petitioner resided in Massachusetts
at the time his petition was filed.
During 2010, petitioner, his daughter and son (both adults), and his
grandchild CML, the minor child of his daughter, all resided in petitioner's home.
(The Court refers to minor children by only their initials. SeeRule 27(a)(3).)
Petitioner's son filed his 2010 Federal income tax *26 return on February 28,
2011. On that return, the son claimed a personal exemption deduction for himself.
He also claimed $1,129 in refundable tax credits and $75 withheld tax, resulting in
a refund of $1,204.
Petitioner's daughter also filed her 2010 Federal income tax return on
February 28, 2011. She reported gross income of $11,892 and claimed a personal
exemption deduction for herself and a dependency exemption deduction for CML.
The daughter also claimed $4,450 in refundable credits and $840 withheld tax,
resulting in a refund of $5,290.
- 3 -
[*3] After being granted an extension of time to file, petitioner timely filed his
2010 Federal income tax return on May 23, 2011. On his tax return, petitioner
claimed head of household filing status and dependency exemption deductions for
his son, his daughter, and CML.
OPINION
The Internal Revenue Code allows as a deduction an exemption for each
dependent of a taxpayer in computing taxable income. Sec. 151(c). Section
152(a) defines a dependent as a qualifying child or a qualifying relative of the
taxpayer. In addition to other requirements, a qualifying child must be under the
age of 19 or a student and under the age of 24 as of the close of the calendar year
in which *27 the taxable year of the taxpayer begins. Sec. 152(c)(1)(C), (3). In
addition to other requirements, a qualifying relative must have an annual gross
income of less than the exemption amount, and the taxpayer must provide over
one-half of the qualifying relative's support. Sec. 152(d).
Petitioner's daughter and son were both adults in 2010 (i.e., not under 19).
Petitioner did not establish, and nothing in the record indicates, that his children
were under 24 and students. Likewise, petitioner did not present evidence
showing that he provided over one-half of his daughter's or son's support in 2010.
Moreover, his daughter reported gross income of $11,892 for 2010, which is over
- 4 -
[*4] the $3,650 exemption amount for that year. For these reasons, the daughter
and the son are neither qualifying children nor qualifying relatives.
Section 152(c)(4) provides a "tie-breaker rule" when multiple taxpayers are
claiming the same child as a qualifying child. In such an instance, the child shall
be treated as the qualifying child of the taxpayer who is a parent as opposed to
anyone who is not. Sec. 152(c)(4)(A)(i). Accordingly, petitioner did not have
authority to claim CML as a qualifying child for 2010 because his daughter,
CML's mother, had already done so. Petitioner is also *28 not entitled to claim CML
as a qualifying relative because, among other things, CML is a qualifying child of
his daughter. Seesec. 152(d)(1)(D).
Petitioner contends that his daughter's claim of CML as a dependent was an
inadvertent error due to use of software in preparing her return. He asserts that his
daughter executed an affidavit in December 2012 confirming their agreement that
he could claim CML as his dependent. That affidavit is not in evidence and would
not change the result. Petitioner's daughter filed a return in February 2011
claiming CML as a dependent, and she received a substantial refund as a result.
She did not file a timely amended return, and the Internal Revenue Service (IRS)
is barred at this point from determining a deficiency against her. In any event, she
had already made that claim when petitioner filed his own return in May 2011, and
- 5 -
[*5] he is not entitled to duplicate the dependency claim. Section 152 is designed,
in part, to ensure that a dependency exemption be claimed on only one tax return.
Section 1(b) establishes a special income tax rate for an individual filing as
head of a household. To qualify as head of a household, a taxpayer must have
been unmarried at the end of the taxable year and maintained *29 a household that, for
more than one-half of the taxable year, was the principal place of abode for a
qualifying child or any other person who is a dependent of the taxpayer, if the
taxpayer is entitled to a deduction for the taxable year for such person under
section 151. Sec. 2(b)(1).
To support his position, petitioner cites Swiggart v. Commissioner, T.C.
Memo. 2014-172. The relevant portion of that case, however, is distinguishable.
In Swiggart, a taxpayer parent who was eligible to claim his child as a qualifying
child chose not to do so because he had made an agreement with the child's
mother to waive the deduction for certain years, including the year in issue. The
IRS agreed that the actual act of claiming a child as a dependent was not required
to qualify as head of household. Id. at *2.
In contrast to the taxpayer in Swiggart, petitioner was not eligible to claim
his children or CML as dependents. Accordingly, petitioner is not entitled to head
of household filing status.
- 6 -
[*6]Section 6662 Accuracy-Related Penalty
Respondent determined a section 6662(a) penalty for petitioner's 2010 tax
year. Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty
on any underpayment of Federal income tax attributable to, among other things, a
taxpayer's negligence or *30 disregard of rules or regulations, or a substantial
understatement of income tax. An understatement of income tax is substantial if it
exceeds the greater of 10% of the tax required to be shown on the return or
$5,000. Sec. 6662(d)(1)(A).
Under section 7491(c), the Commissioner bears the burden of production
with regard to penalties and must come forward with sufficient evidence
indicating that it is appropriate to impose penalties. Higbee v. Commissioner, 116
T.C. 438, 446-447 (2001). Respondent did not address the penalty in the pretrial
memorandum or at trial, and it will not be sustained.
We have considered the other arguments of the parties, and they are not
material to our conclusions.
- 7 -
[*7] To reflect the foregoing,
Decision will be entered for
respondent as to the deficiency and for
petitioner as to the penalty.